Carol ZABKOWICZ and Stanley Zabkowicz, Plaintiffs,

v.

The WEST BEND COMPANY, et al., Defendants.

No. 83–C–187.

United States District Court, E.D. Wisconsin.

June 13, 1984.

Michael R. Fox, Madison, Wis., Sutton & Kelly by Walter F. Kelly, Milwaukee, Wis., for plaintiffs.

Mulcahy & Wherry by William Sosnay and Mary Moore, Milwaukee, Wis., for defendants.

### DECISION and ORDER

MYRON L. GORDON, Senior District Judge.

The plaintiffs, a married couple, brought this action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. The complaint alleges that the plaintiffs suffered extreme emotional distress as a result of the sexual harassment suffered by one of the plaintiffs at her place of employment. The defendants now move pursuant to Rule 37, Federal Rules of Civil Procedure, for an order permitting their psychiatrist to examine the plaintiffs without the presence of a third party or a recording device. The motion will be denied.

Because the plaintiffs allege emotional distress, an examination by a nominee of the defendants is appropriate. The plaintiffs insist, however, that a third party or a recording device is necessary to assure that the defendants' expert does not probe beyond permissible limits. The plaintiffs fear that an unsupervised examination could easily be transformed into a de facto deposition.

The defendants argue with some force that the presence of a third party or a recording device may create inhibitions detrimental to a psychiatric interview. However, in the context of an adversary proceeding, the plaintiffs' interest in protecting themselves from unsupervised interrogation by an agent of their opponents outweighs the defendants' interest in making the most effective use of their expert.

The defendants' expert is being engaged to advance the interests of the defendants; clearly, the doctor cannot be considered a neutral in the case. There are numerous advantages, unrelated to the emotional damage issue, which the defendants might unfairly derive from an unsupervised examination. In sum, I do not believe that the role of the defendants' expert in the truth-seeking process is sufficiently impartial to justify the license sought by the defendants. Accordingly, the plaintiffs, at their option, are entitled to have a third party (including counsel) or a recording device at the examination.

Therefore, IT IS ORDERED that the defendants' motion to compel be and hereby is denied.