Cynthia L. **ROCHEN,** Janis B. Smith, Gladys M. Harding, Betty L. Langston, Plaintiffs,

v.

Peter S. **HUANG,** M.D., Defendant.

Superior Court of Delaware, New Castle County.

Submitted: Dec. 9, 1988.
Decided: Dec. 9, 1988.

Upon defendant's motion to compel independent psychiatric examinations. Granted with restrictions.

Roderick R. McKelvie, of Ashby, McKelvie & Geddes, Wilmington, for plaintiffs.

## OPINION

GEBELEIN, Judge.

This case involves a claim by four women, former patients of defendant, that during the course of his treatment he sexually abused them. The defendant has counterclaimed alleging a conspiracy to destroy his reputation. One of the alleged injuries suffered by plaintiffs is "post-traumatic stress disorder". Plaintiffs intend to prove this injury in part through expert testimony provided by a health care specialist, who has already been identified and deposed.

In response to this claim the defendant has moved pursuant to Superior Court Civil Rule 35,[1] for an independent psychiatric examination of each plaintiff. Plaintiffs concede that the nature of their claims make such an examination proper; but ask that the Court order such examinations under specific conditions. In particular, plaintiffs request that the examinations:

1. be conducted in plaintiffs' attorney's office,

2. be conducted in the presence of plaintiffs' attorney,

3. be recorded by electronic methods,

4. be limited to no more than three hours, and

5. be by interview method only.

Plaintiffs also request that upon conclusion of any such examination:

1. the plaintiffs be entitled to immediately photocopy all notes taken by defendant's psychiatrist, and

2. the defendant's psychiatrist be promptly identified in formal discovery answers and be promptly available for deposition.

It is clear that psychiatric examinations are proper in this case and shall be ordered. As to the restrictions sought by plaintiffs, defendant contends that these are unreasonable restrictions that would render the independent examination meaningless or at least significantly imperil the effectiveness of such an examination. In particular, defendant states that the presence of plain-

1. Superior Court Civil Rule 35 provides in part:
   (a) Order for Examination. When the mental or physical condition (including the blood group) of a party, or of a person in the custody or under the legal control of a party, is in controversy, the court in which the action is pending may order the party to submit to a physical or mental examination by a physician or to produce for examination the person in his custody or legal control. The order may be made only on motion for good cause shown and upon notice to the person to be examined and to all parties and shall specify the time, place, manner, conditions, and scope of the examination and the person or persons by whom it is to be made.

tiffs' attorney would lead to frequent interruptions of the examination with likely objections to questions, etc. Likewise, defendant believes that an arbitrary time cut-off is likely to cause problems with the interview process; and that the use of an attorney's office would lead to disruption of that process. Defendant offers no evidentiary basis for his position, but relies on legal precedent and common sense.

Plaintiffs argue strenuously that the nature of the allegations in this case, their psychological injuries alleged, and indeed, the very nature of psychiatric examination leads to the need for specialized protections during the examinations. Plaintiffs further allege that those examinations can also be used as an informal discovery tool involving, in effect, a wide ranging deposition without the protections afforded in formal discovery. Further, it is alleged that in the extremely contentious atmosphere of this case a record of what is said by the parties could alleviate substantial controversy in the future. Finally, the plaintiffs argue that they have been traumatized by the incidents in question, been traumatized by the legal processes including formal discovery and believe that they may be further traumatized by extensive interrogation by another male physician.

The law with respect to independent medical examinations sought under Rule 35 in Delaware is not extensive.[2] The law involving psychiatric examinations is virtually non-existent. Thus, legal authority from other jurisdictions is helpful.

Plaintiffs rely upon *Zabkowicz v. The West Bend Company*, E.D.Wisc., 585 F.Supp. 635 (1984) to support their position. In fact, the *West Bend* Court found:

> ... I do not believe that the role of the defendants' expert in the truth-seeking process is sufficiently impartial to justify the license sought by the defendants. Accordingly, the plaintiffs, at their option, are entitled to have a third party

(including counsel) or a recording device at the examination. *Id.* at 636.

Defendant relies upon *Warrick, supra* and other cases cited to support his position that counsel should not be present, indeed that no one should be present other than the examining psychiatrist. In fact, the *Warrick* court found specifically that:

> It has long been the practice in this district and in the state courts of Delaware that an attorney will not be permitted to be present at a physical examination of his client undertaken pursuant to Rule 35 if the other party objects. *Warrick, supra* at 427.

Likewise, after an analysis of this issue in the light of the intrusive nature of a psychiatric examination *vis a vis* a physical examination, the District Court for the Eastern District of Pennsylvania found that "plaintiff's counsel shall not be present during the examination". *Lowe v. Philadelphia Newspapers, Inc.*, E.D.Pa., 101 F.R.D. 296, 299 (1983). This Court finds the reasoning of the *Lowe* Court to be far more persuasive than the conclusory decision in *West Bend*. In accord, *see*, *Brandenberg v. El Al Israel Airlines*, S.D.N.Y., 79 F.R.D. 543 (1978); and, *Neumerski v. Califano*, E.D.Pa., 513 F.Supp. 1011 (1981). While this Court is fully confident that plaintiffs' counsel would not interrupt the examination of his clients if directed by the Court, the Court is also convinced that any attorney's presence during the intense discussions involved in a psychiatric examination of this sort would be disruptive and intimidating. It could well impair the ability of defendant to obtain a complete and fair psychiatric examination of plaintiffs.

The Court, however, is sensitive to the plaintiffs' concerns that the examination could lead to an informal discovery deposition. Likewise, the emotional state of the plaintiffs justifies some additional safeguards. In this case, as in *Lowe* and *Warrick*, the Court will permit plaintiffs to be accompanied by a health care practitioner of their choice and at their expense during

---

**2.** *See, Warrick v. Brode*, D.Del., 46 F.R.D. 427 (1969) and *Shaw v. Metzger*, Del.Super., (unreported), C.A. No. 77C–DE–101, (J. Taylor, February 22, 1985). *Metzger* involved a panendoscop-

ic examination (a physical test). The Court allowed plaintiff in that case to have present at the test a physician of his choice, at his expense.

the examinations. This person shall be free to observe the examination, but not participate by objection or interruption.

Likewise, the nature of this proceeding has caused counsel for both sides to aggressively pursue their clients' interests. It is best to avoid later confrontation over exactly what was said by each plaintiff at her deposition. Defendant has not demonstrated any reason why electronic recording of the examinations would impede his expert's ability to conduct a fair and complete examination. Thus, the Court will direct that any examination of plaintiffs by the defense expert be electronically recorded. A copy of the tapes should be made available to plaintiffs as soon as they can be copied.

Since a copy of the actual examination will be available to plaintiffs, their request for immediate copies of defense expert's notes is DENIED.

For the same reasons that presence of a party's attorney may be disruptive to a proper and fair psychiatric examination, the placement of such an examination in plaintiffs' attorney's office could lead to disruption. Defendant has secured a neutral physician's office as a location for such examinations. This is a reasonable location, and the examinations shall be conducted there unless otherwise agreed by the parties.

It is the Court's understanding that all parties assume that the examinations shall be by the interview process and not by written interrogatories.

Finally, the Court is convinced that a three-hour limitation upon the examination is reasonable. No factual basis has been established that such a time limitation would impede defendant's expert in conducting a full and complete examination. If, after the examination has been conducted, good cause can be shown that additional inquiry is necessary, application may be made to the Court.

Upon conclusion of the examinations, plaintiffs are entitled to prompt, formal identification of defendant's expert in a discovery update. Likewise, within a reasonable time defendant should be able to update expert answers to interrogatories.

Should defendant intend to call this expert as a witness at trial, notice shall be given to plaintiffs as soon as possible, but in no event later than December 30, 1988. The expert must be promptly made available for deposition.

Finally, defendant shall make available to plaintiffs' attorney all of the expert's notes and correspondence twenty-four hours prior to the expert's deposition.

IT IS SO ORDERED.