Charles R. JACOB and Antonio Sofo, d/b/a Antonio Sofo & Son Importing Co., Appellants–Defendants,

v.

Jerry L. CHAPLIN and Constance Chaplin, Appellees–Plaintiffs.

No. 46S04–9409–CV–00851.

Supreme Court of Indiana.

Sept. 6, 1994.

Timothy J. Walsh, Edward N. Kalamaros & Associates, P.C., South Bend, for appellants.

Robert F. Gonderman, Sr., Gonderman Law Offices, P.C., South Bend, for appellees.

## ON PETITION TO TRANSFER

DeBRULER, Justice.

Appellees-plaintiffs Jerry and Constance Chaplin brought an action against appellants-defendants Charles R. Jacob and Antonio Sofo, who were doing business as Antonio Sofo & Sons Importing company. Jerry Chaplin sustained personal injuries in an automobile accident with Jacob. Jacob and Sofo moved for a medical examination of Chaplin, pursuant to Ind. Trial Rule 35. Chaplin agreed to the examination, but requested permission to tape record his conversations with the examining doctor during the examination. Jacob and Sofo refused. Chaplin sought trial court permission to record the examination. The Laporte Circuit Court, the Honorable Robert Gettinger, J., granted permission for the recording. Jacob and Sofo objected, and petitioned the trial court to certify the issue for interlocutory appeal. The trial court certified this issue for appellate review. On appeal, the Court of Appeals (Fourth District) vacated the trial court order and remanded the case to the trial court. *Jacob v. Chaplin* (1993), Ind. App., 625 N.E.2d 486. The Chaplins petition for transfer to this Court. We grant transfer.

On October 11, 1989, Jerry Chaplin was driving his automobile in the westbound lane of Vistula Road, Mishawaka, Indiana. Charles Jacob was operating a tractor-trailer southbound on Bittersweet Road. The two vehicles collided at the intersection of Vistula and Bittersweet. Antonio Sofo is the registered owner of the tractor-trailer. At the time of the accident, Jacob was an agent, servant, and employee of Sofo, and was acting within the scope of his employment.

In his complaint, Chaplin claimed the following temporary and permanent injuries due to the accident: physical and mental pain and suffering; intellectual and psychological impairment and disability; and physical impairment and disability. Specifically, Chaplin claimed that he suffered a closed head injury, a fractured right clavicle, a fractured right scapula, multiple rib fractures, and various mental injuries to his cognitive abilities, due to the head injury. In their answer to the complaint, Jacob and Sofo denied Chaplin's injuries. On March 5, 1992, Jacob and Sofo filed a T.R. 35 motion for Chaplin to submit to a medical examination, and the trial court granted the motion. The trial court order allowed Jacob and Sofo to define the scope of the examination. The extent of the examination was defined in their T.R. 35 motion, and reads as follows:

> The scope of the examination will be such scope as in the opinion of the physician may be necessary or desirable to effect a complete examination of Jerry L. Chaplin with reference to the injuries and symptoms of which he complains secondary to the aforesaid motor vehicle accident ... absent any invasive procedures.... By this filing and service hereof, defendant gives notice to the plaintiff ... that at the time of said examination Dr. Heller will take a history from Jerry L. Chaplin, conduct a physical (orthopedic) examination of the parts of his body about which he has complained of injuries and, depending upon the doctor's advice for it, x-ray him by completely non-invasive procedures.

In a letter dated March 6, 1992, Chaplin alerted Jacob and Sofo that he would be available for an examination on April 13, 1992 at 8:00 A.M. In that same letter, Chaplin requested that Jacob and Sofo allow Chaplin to tape record all aspects of the examination. Jacob and Sofo refused. On March 10, 1992, Chaplin filed a Motion for a Protective Order, requesting that the trial court grant leave to tape record the conversations with the examining doctor. On April 6, 1992, the trial court held a hearing on the motion. Following the hearing, the trial court granted the Chaplins' motion. Jacob and Sofo moved for the trial court to reconsider and vacate the order granting the Chaplins' motion to record, or in the alternative, to certify an interlocutory appeal. On October 5, 1992, the trial court certified the issue for appeal.

The Court of Appeals found that there is no presumptive right for a party to tape record a court-ordered medical examination. The Court of Appeals did recognize that such a request is "best left to the sound discretion of the trial court," but found that the Chaplins had not presented any evidence of Jerry Chaplin's communication problem or cognitive impairment, nor any evidence of bias or prejudice on the part of the examining physician that would make a tape recording of the examination necessary. The Court of Appeals held that the trial court had abused its discretion, because the order granting tape recording was not supported by any evidence showing the need for the added condition, the tape recording of the medical examination. The Court of Appeals vacated the trial court order and remanded the case to the trial court. Chaplins petitioned this Court for transfer of this cause, alleging that the Court of Appeals committed error when it decided a new question of law—whether a party who is being compelled to submit to a T.R. 35 examination has the presumptive right to tape record all questioning that occurs. We grant transfer to address this case of first impression in Indiana. Because transfer is granted, the Court of Appeals opinion is vacated and held for naught. Ind.App.Rule 11(B)(3).

▮ The specific question that appellants Jacob and Sofo present for review is whether a party who is subject to a court-ordered medical examination may tape record all conversations that the party has with the examining physician at the time of the examina-

tion. Appellants here challenge the action of the trial court imposing a certain condition on discovery, the tape recording of conversations occurring during a medical examination. Appellants contend that a party has no such right, because recording the examination would interfere with the physician's examination. The Chaplins, appellees here, argue the necessity of preserving an accurate, verbatim recording of the conversations, because anything the examinee says is admissible substantively at trial.

■ Discovery is the process by which the parties to an action ascertain the existence of material facts previously unknown. Black's Law Dictionary. Generally, parties may obtain discovery regarding any matter relevant to the subject matter involved in the pending action, or which appears reasonably calculated to lead to the discovery of admissible evidence. T.R. 26(B). One discovery method is a physical examination. T.R. 26(A)(4). Jacob and Sofo requested a medical examination pursuant to this discovery procedure. T.R. 35 outlines the proper procedure for physical examinations:

> When the ... physical condition ... of a party ... is in controversy, the court in which the action is pending may order the party to submit to a physical examination by a physician.... the order may be made only on motion for good cause shown and upon notice to the person to be examined and to all parties and shall specify the time, place, manner, conditions, and scope of the examination and the person or persons by whom it is to be made.

T.R. 35(A). Although the text of T.R. 35 is silent with regards to tape recording conversations occurring during the medical examination, the rule does require the trial court to set the conditions for the examination, upon a showing of good cause. Also, T.R. 26(C) allows a trial court to impose certain conditions upon discovery, upon a showing of good cause, when a party from whom discovery is sought requests judicial protection from perceived abuse of the discovery process.

■ This Court has never addressed the issue of tape recording a T.R. 35 medical examination. Generally, matters concerning discovery methods that the trial rules do not govern are matters for a trial court's exercise of discretion. The trial court has the inherent power to prescribe the terms and conditions of discovery, or to change its orders as subsequent events may warrant. A trial court may make "any order which justice requires to protect a party or person from the stated concern or condition." 3 William F. Harvey, *Indiana Practice—Rules of Procedure Annotated* § 26.20.

While Indiana courts have not addressed this situation, courts in other jurisdictions have. In *Zabkowicz v. West Bend Co.*, 585 F.Supp. 635 (E.D.Wis.1984), plaintiffs brought a claim for sexual harassment against defendants, which alleged that the harassment caused extreme emotional distress. Defendant moved for a psychiatric examination pursuant to Fed.R.Civ.P. 37, with the conditions that plaintiffs could *not* tape record the examination. Plaintiffs insisted that either a third party or a recording device were necessary to assure that the defendant's expert does not probe beyond permissible limits. "The plaintiffs fear that an unsupervised examination could easily be transformed into a de facto deposition." *Id.* at 636. Defendants argued that the presence of a third party or a recording device may create inhibitions detrimental to a psychiatric interview.

The federal district court denied the defendants' motion. Reasoning that in the context of an adversary proceeding, the plaintiffs' interest in protecting themselves from unsupervised interrogation by an agent of their opponents outweighs the defendants' interest in making the most effective use of their expert, the court stated:

> The defendants' expert is being engaged to advance the interests of the defendants; clearly, the doctor cannot be considered a neutral in the case. There are numerous advantages, unrelated to the emotional damage issue, which the defendants might unfairly derive from an unsupervised examination. In sum, I do not believe that the role of the defendant's expert in the truth-seeking process is sufficiently impartial to justify the license sought by the defendants. Accordingly, the plaintiffs, at their option, are entitled to have a third

party (including counsel) *or a recording device at the examination.*

*Id.* (emphasis added). In *Zabkowicz,* the court characterized the examining physician as a "defendant's expert" who needed supervision.

In *Rochen v. Huang,* 558 A.2d 1108 (Del.Super.1988), plaintiffs sued the defendant for sexual abuse. One injury each plaintiff alleged was "post-traumatic stress disorder." Pursuant to Delaware court rules, defendant moved for an independent psychiatric examination of each plaintiff. Plaintiffs requested that certain conditions be applied to limit those examinations. One of the requested conditions challenged by the defendant was that the examinations be conducted in the presence of plaintiffs' attorney. Defendant argued that the attorney's presence would lead to frequent interruptions of the examination, with likely objections to questions. Plaintiffs believed that they needed special protections in this case, because the examinations could be used as an informal discovery tool involving wide-ranging deposition without the protections afforded in formal discovery. Although the Delaware court did not allow plaintiffs' attorney to be present, the court was sensitive to the plaintiffs' concerns that the examination could lead to informal discovery deposition. The court allowed tape recording of the examination.

In both of the above cases, the courts based their holdings in part on the examinees' concerns of improper questioning. Those courts reasoned that a recording was necessary to keep track of the actual words exchanged during the medical examination, in order to eliminate improper testimony before trial. This reasoning operates upon the assumption that physicians will ask questions that are improper or irrelevant to the examination, but relevant to some issue of the proceedings. While an examining physician may or may not act as a "defendant's expert," this Court acknowledges additional reasons for allowing the tape recording of a medical examination.

The T.R. 35 medical examination is a court-ordered medical evaluation of a person whose health status is at issue in a case. The examination, by its nature, requires a verbal exchange between examiner and examinee. The purpose of the examination is to further the litigation process. An opinion arrived at by the examiner is intended to aid the trier of fact in making a damages assessment. Statements made by the examinee are intended to aid the examiner in arriving at a proper opinion, and, by necessity, are material to such trial issues as proximate cause. It is inherent in such an important meeting that both examiner and examinee be permitted to choose whether or not to make written notes of the verbal exchange. It follows from this conclusion that both should as well be permitted to choose whether or not, in lieu of the laborious process of making notes, to openly record the verbal exchange by electronic means. In permitting the examination ordered in this case to be recorded, the trial court properly exercised its discretion and recognized the justness of permitting recording to take place in an open manner, in the absence of some overriding reason to prohibit that recording. We also fail to see any reason why electronic recording of the examination would in and of itself impede an examiner's ability to conduct a fair and complete examination.

We grant transfer and vacate the opinion of the Court of Appeals. For the reasons stated above we affirm the trial court's order allowing the Chaplins to make a sound recording of all aspects of the medical examination.

SHEPARD, C.J., and GIVAN, DICKSON and SULLIVAN, JJ., concur.