Milazzo v. KG Enterprises          CV-97-649-SD  02/16/99

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW HAMPSHIRE**

Bryan K. & Terry B. Milazzo

    v.                                              Civil No. 97-649-SD

KG Enterprises, Inc., et al.


**O R D E R**

Plaintiffs move to exclude one of defendant's hired medical experts, Albert Drukteinis, M.D.  Defendant objects to the motion.

Background

Plaintiff, Bryan Milazzo, received a traumatic brain injury from electrocution at premises owned and operated by the defendants.  Defense counsel requested that plaintiff submit to a Rule 35 examination by Dr. Drukteinis, a psychiatrist, and by Richard L. Levy, M.D., who is board certified in both psychiatry and neurology.  Counsel for the plaintiff objected to the Drukteinis examination.  Counsel expressed his concern that Drukteinis had a reputation as a hired expert for defendants in civil cases and, further, that he was requesting a full day examination, including a three-hour interview.  The latter concern was particularly acute because Drukteinis, in addition to being a psychiatrist, has a law degree.  After numerous discussions, counsel for plaintiff and the defendant, resolved

the dispute without resort to the court by entering into a stipulation permitting the examination under specified conditions. The parties agreed that the stipulation carried with it "the force and authority of a court order entered in this regard pursuant to Fed. R. Civ. P. 35."

Among other conditions in the stipulation, defense counsel agreed to provide plaintiffs' counsel with all written or recorded notes by each examining physician within ten days of the respective examination and to further provide copies of all draft and final reports by that physician within three days of their receipt by defense counsel.

The examination by Dr. Drukteinis took place on September 25, 1998. Defendants did not supply plaintiffs' counsel with Dr. Drukteinis' notes within ten days of his examination as required by the stipulation. These notes were supplied over two months after the examination and only after plaintiff had filed the motion to exclude Dr. Drukteinis' testimony. Dr. Drukteinis' report is dated October 2, 1998. It was not supplied to the plaintiff until December 3, 1998. The report from Dr. Levy was received by defense counsel on October 3, 1998 and was delivered to the plaintiff under cover letter of October 15, 1998. Defense counsel has offered no facts to explain his failure to comply with the stipulation. Defense counsel speculates that the breach

2

occurred "through inadvertence which may have been due in part to the transfer of the file from Larry Getman, Esq. to Dana Feeney, Esq." Plaintiff claims that, even this speculation makes no sense since the Drukteinis report, dated October 2, 1998, was either held by Dr. Drukteinis unjustifiably or it was delivered to defense counsel prior to October 15, the date on which Mr. Getman forwarded the Levy report. It was Mr. Getman who negotiated the stipulation and he was still in control of the file at the time the Drukteinis notes and report had to be produced under the stipulation.

### Discussion

It is undisputed that the parties entered into a written stipulation to govern the Drukteinis' Rule 35 examination. Defendants admit that they breached two covenants in that stipulation. Plaintiff asserts that defendants' breach should preclude them from using Dr. Drukteinis at trial. Defendants' position is that plaintiff has not been prejudiced and that defendants, despite their acknowledged breaches and with no showing of just cause by them, should not be penalized.

1.   The Stipulation

Our current court system encourages stipulations by parties. In fact, parties in this court are not even permitted to seek discovery orders by motion until and unless they have made a good

3

faith effort to resolve discovery matters by consent.  LR 7.1(c).
If parties did not resolve most discovery matters by consent and
stipulation the court would be inundated with discovery motions.
The court, however, cannot expect counsel to make, and rely upon
stipulations if it is unwilling to generally enforce discovery
stipulations.  In this court we have committed to bind parties to
their written stipulations.  LR 7.3.

In this case the stipulation is in writing, is signed by
counsel, and has been filed with the court.  It is binding.
Furthermore, defendants admit that after plaintiff fully performs
all of his promises under the stipulation, they breached the
agreement in two respects and they have not explained how or why
the breaches occurred.

The parties agreed that the stipulation was to have the
effect of an order under Fed. R. Civ. P. 35.  However, the
parties did not submit it to the court for its approval as a
court order.  The parties have not cited, and I have not found,
any authority for a court to address the consequences of the
admitted breaches of a stipulation, as opposed to an order, under
Fed. R. Civ. P. 37(b)(2).  To effectuate the intention of the
parties, I therefore approve and adopt the stipulation as a Rule
35 order.  As an order it may be addressed in Rule 37(b)(2).

4

2.    <u>Consequences of the Breach</u>

The breach having been admitted, the question is what, if any, consequences should result.  First, it is clear that the breaches were entirely due to the indifference of counsel.  The acts which were not performed were the responsibility of counsel.  Since it is clear that Mr. Getman was in charge of the file ten business days after the Drukteinis examination and three business days after the presumed October 2nd mailing of Drukteinis' report, the buck stops with him, not with Ms. Feeney.

Plaintiff, in reliance on defendants' promises, waived his opportunity to object to Dr. Drukteinis on the basis of his alleged bias and waived his right to seek special controls over the interview portion of the examination.  Without in any way factually addressing Dr. Drukteinis' suitability as an examiner, it is nevertheless clear that plaintiff's pre-stipulation concerns were on sound legal footing.  Under Rule 35 a ". . . moving party has no absolute right to the choice of the physician."  8A Wright, Miller & Marcus, <u>Federal Practice and Procedure</u> Civil 2d § 2234.2.  If defendant suggests a physician who is found to be biased and prejudiced the court can reject the physician and appoint its own.  <u>Id</u>.  Furthermore, plaintiff's concerns about the psychiatric examination are real since "a Rule 35 examination, particularly a psychiatric examination, 'could

5

easily be transformed into a de facto deposition.'" Id. at § 2236 (citing Zabkowicz v. West Bend Co., 585 F. Supp. 635, 636 (D.C. Wis. 1984). A psychiatrist with a law degree may well be perceived to be even a greater threat to turn the examination into a deposition.

Plaintiff negotiated a compromise of these concerns and fulfilled his promises. Defendants, through their counsel, failed to abide by their promises and, in essence, have said, "so what?" Defense counsel may pay a price among members of the trial bar by a diminishment of his reputation for keeping his word. However, that is insufficient to assure this court that its expectation that counsel "keep their word" on discovery agreements will be met. This court must demonstrate a resolve to enforce discovery stipulations and to sanction those who would indifferently breach them.

It is too late to enforce the precise agreements. Excluding the testimony of Dr. Drukteinis because of defense counsel's neglect sanctions defendants, not the culpable party. The challenge to Dr. Drukteinis' impartiality was negotiated away in the Rule 35 stipulation, but may still be explored in a deposition to determine his impeachability at trial. That exploration, to be paid for personally by Mr. Getman, at least permits counsel to attempt to demonstrate the bias of the

witness.

Mr. Getman is ordered to pay to plaintiff's counsel his standard hourly rate for the time expended in connection with the motion and memorandum of law. Further, Mr. Getman, at his cost, is to obtain and provide plaintiff's counsel with a copy of every expert's opinion in the last four years provided by Dr. Drukteinis to any counsel in connection with any case involving alleged emotional damages, a statement of whether the doctor was retained by plaintiff or defendant in each case, and the doctor's full charges in each case. The production of these documents is to be completed within twenty calendar days. After production of the Drukteinis documents, Dr. Drukteinis is to be produced for deposition. The first two hours of that deposition are to be paid for by Mr. Getman personally, including court reporter and expert's fees.

The motion to exclude (document no. 19) is granted as set forth above and is otherwise denied.

**SO ORDERED.**

_____
James R. Muirhead
United States Magistrate Judge

Date:  February 16, 1999

7

cc:     Peter E. Hutchins, Esq.
          Laurence W. Getman, Esq.
          Jeffrey B. Osburn, Esq.
          David W. Rayment, Esq.