**OLD INDIANA LIMITED LIABILITY COMPANY, Appellant–Defendant,**

v.

**Isa MONTANO by next friend Jeanitta MONTANO and Jeanitta Montano, Appellees–Plaintiffs.**

No. 06A01–9904–CV–142.

Court of Appeals of Indiana.

June 29, 2000.

Rehearing Denied Aug. 15, 2000.

Michael A. Wilkins, A. Richard M. Blaiklock, Indianapolis, Indiana, Attorneys for Appellant.

David W. Stone, IV, Anderson, Indiana, C. Dennis Wegner, Indianapolis, Indiana, attorneys for Appellees.

## OPINION

RATLIFF, Senior Judge.

### STATEMENT OF THE CASE

This is an interlocutory appeal taken by Defendant–Appellant Old Indiana Limited Liability Company ("Old Indiana") from a trial court's ruling in favor of Plaintiffs–Appellees Isa Montano ("Child") and her mother, Jeanitta Montano ("Mother") denying Old Indiana's discovery request, in a cause of action alleging negligence.

We affirm in part, and reverse and remand in part.

### ISSUES

Old Indiana raises the following issues which we restate as:

1. Whether Mother's counseling records are discoverable under Ind. Trial Rule 26 where Mother is suing for past, present and future medical expenses incurred for the treatment of Child's psychological injuries when the cause of the injuries could be Mother's conduct or psychological makeup.

2. Whether pursuant to Ind. Trial Rule 35 Old Indiana is entitled to subject Mother to testing by a psychologist in order to determine the causation of Child's psychological injuries.

Mother and Child raise the following issue on cross-appeal which we restate as follows:

3. Whether the trial court abused its discretion by refusing to allow Child's examination to be videotaped and by failing to require advance submission to Mother of the questions Mother would be asked at Child's examination.

## FACTS AND PROCEDURAL HISTORY

On August 6, 1995, Mother and Child went to Old Indiana Fun Park in Thorntown, Indiana. Child, who was twenty-two months old at the time, rode a teacup ride. When the ride began, Child fell out of her teacup, suffering bumps and bruises.

After the incident both Mother and Child underwent psychological counseling. Child was treated by Dr. Randall W. Krupshaw. Mother was counseled by James Rutherford.

On November 13, 1996, Mother, individually, and on behalf of her daughter, Child, filed a complaint for damages against Old Indiana. The complaint alleged that Old Indiana negligently permitted Child to ride the teacup ride. The complaint further alleged that Child was injured when she fell from the ride. The complaint sought damages for past, present, and future medical expenses incurred by Mother. Those expenses include psychological counseling for Child. Mother and Child alleged that Child suffered Post Traumatic Stress Disorder from her fall, and that this disorder had developed into separation anxiety proximately caused by Old Indiana's negligent conduct.

On December 29, 1998, Old Indiana served Mother and Child with a copy of a proposed subpoena and non-party request for production of documents and records to Rev. James Rutherford, pursuant to Ind. Trial Rule 34(C). Mother and Child filed a Motion for Protective Order and Motion to Quash Subpoena. The trial court granted Mother and Child's motion without a hearing.

Old Indiana filed a Motion for Reconsideration of Order Granting Plaintiffs' Motion for Protective Order and Motion to Quash Subpoena. Old Indiana also filed a Motion for Examination of Plaintiffs pursuant to T.R. 35. Old Indiana sought to have Mother and Child undergo psychological testing. Dr. Robin Minturn, Old Indiana's psychologist, was of the preliminary opinion that separation anxiety was a separate condition possibly caused by family stressors rather than the incident at Old Indiana. Dr. Minturn stated that psychological testing of Mother and Child was necessary in order to render a complete opinion. Dr. Minturn has a doctorate degree in psychology, but does not have a medical degree.

On March 2, 1999, Mother and Child filed an objection to the Motion for Examination on the grounds that the proposed testing was not appropriate and was unnecessary. On March 3, 1999, the trial court overruled the objections to the proposed examination.

On March 2, 1999, the trial court denied Old Indiana's motion in an order that read as follows:

This matter came on for hearing March 2, 1999, on several outstanding discovery motions, but basically upon two discovery issues as follows:

1. Whether or not the Court should order Jeanitta Montano to turn over medical and psychological records under the theory that she, being the mother of Isa Montano, may have an affect upon Isa Montano's psychological condition.

2. Whether or not the Plaintiffs have the right, in effect, to veto the Defendants' psychologist as an expert to examine Isa Montano.

After hearing argument, the Court announced its decision from the bench, but that decision is now reduced to writing as follows:

1. The Court SUSTAINS Plaintiffs' objection to any discovery of Jeanitta Montano's medical or psychological records. The Court FINDS that her only claim is for some medical expenses which she incurred on behalf of her daughter. She, herself, makes no claim for injuries-psychological, physical or otherwise. Therefore, the Court FINDS that her right to confidentiality and privacy is superior to the Defendants'

presumed right to discover her psychological or medical records. Furthermore, the Court concludes that the Defendants have adequate remedies, by way of examination of the Plaintiffs' psychologist and by examination of Jeanitta Montano on the witness stand, without delving into what could be potentially embarrassing, private medical and psychological records unrelated to the instant case.

2. On the second question, the Court rules that the Defendants are entitled to name their own expert, Dr. Minturn, so long as the expert is [a] recognized and qualified expert, and that expert is entitled to examine Isa Montano, who is claiming psychological injuries and to administer to her reasonable, psychological testing to verify claims for psychological injuries which she may be making in this case.

(R. 56–57).

On a Motion for Clarification of that order, the trial court further ordered as follows on April 2, 1999:

Old Indiana Limited Liability Company, by counsel, moves the Court for an Order clarifying its Order Resulting From Hearing of March 2, 1999. The Court, having considered same, and being fully and duly advised in the premises, hereby rules as follows:

1. On March 2, 1999, the Court partially SUSTAINED Plaintiffs' objection to Defendant's Motion for Examination of Plaintiffs; more specifically, the psychological testing of Jeanitta Montano requested by Defendant will not be permitted.

2. This Court's rulings, as reflected in the March 3, 1999 Order Resulting From Hearing of March 2, 1999, remain unchanged.

3. The Court FINDS that Jeanitta Montano's only claim is for some medical expenses she incurred on behalf of her daughter. She, herself, makes no claims for injuries-psychological, physical or otherwise. Therefore, the Court FINDS that her right to confidentiality and privacy is superior to the Defendants' presumed right to have her submitted to testing pursuant to Indiana Trial Rule 35. Furthermore, the Court CONCLUDES that the Defendants have adequate remedies, by way of examination of the Plaintiffs' psychologist and by examination of Jeanitta Montano on the witness stand, without delving into what could be potentially embarrassing, private medical and psychological issues unrelated to the instant case.

(R. 70–72).

On April 1, 1999, Old Indiana filed a Petition for Certification of Orders for Interlocutory Appeal. On April 2, 1999, the trial court certified the two issues raised by Old Indiana for appeal.

On April 1, 1999, Mother and Child filed a motion for leave to videotape Child's interview and testing, and for advance disclosure of the questions to be asked of Mother at that interview. Old Indiana filed its response on April 6, 1999. On April 7, 1999, the trial court entered the following order:

The court now haivng [sic] had the benefit of Plaintiff's Motion for Leave to Video Tape the Interview and testing of Isa Montano and Motino [sic] to Compel Defendant to Disclose in Advance the Questions that Defendant's Expert Intends to Ask Jeanitta Montano, Including the Subject Matter and Reasons for Said Questions and Defendant's Response to Plaintiffs' Motion for Leave and Motion to Compel and now being duly advised enters the following rulings:

1. Plaintiffs' request to videotape Dr. Minturn's testing is denied.

2. Plaintiffs' request to receive Dr. Minturn's questions in advance is denied.

3. Defendants's [sic] request that the Court conduct an in camera conversation with Dr. Minturn regarding the scope of the testing is denied.

(R. 9). On April 26, 1999, Mother and Child filed a motion to reconsider the trial court's order or in the alternative to certify it for interlocutory appeal. On April 30, 1999, the trial court certified the orders adverse to Mother and Child for interlocutory appeal.

## DISCUSSION AND DECISION
## MOTHER'S COUNSELING RECORDS

Old Indiana contends that it should have access to Mother's counseling records in order to determine if Child's separation anxiety is related to the incident at Old Indiana or if it is related to family stressors. Mother claims that disclosure of her counseling records is not necessary, and that she did not place her physical or mental condition in issue. The trial court ruled that the counseling records were not discoverable because Mother had not made any physical or mental health claims as to herself.[1] Further, the trial court found that Mother's right to privacy and confidentiality was superior to Old Indiana's discovery rights. Finally, the trial court found that Old Indiana could cross-examine Mother and Child's witnesses on the stand regarding the causation of Child's psychological injuries.

 The standard of review in discovery matters is an abuse of discretion. *Hartford Fin. Serv. v. Lake County Park & Rec. Bd.*, 717 N.E.2d 1232, 1234 (Ind.Ct. App.1999). An abuse of discretion occurs when a trial court reaches a conclusion that is against logic and the natural inferences which can be drawn from the facts and circumstances before the trial court. *Hotmix & Bit. Equip. v. Hardrock Equip.*, 719 N.E.2d 824, 826 (Ind.Ct.App.1999).

Moreover, an abuse of discretion occurs when the trial court misinterprets or misapplies the law. *Bowles v. Bowles*, 721 N.E.2d 1247, 1249 (Ind.Ct.App.1999).

Our supreme court has held that generally, parties may obtain discovery regarding any matter relevant to the subject matter involved in the pending action, or which appears reasonably calculated to lead to the discovery of admissible evidence. *Jacob v. Chaplin*, 639 N.E.2d 1010, 1012 (Ind.1994). Our discovery rules are designed to allow a liberal discovery procedure, the purposes of which are to provide parties with information essential to the litigation of all relevant issues, to eliminate surprise and to promote settlement, with a minimum of court involvement in the process. *Canfield v. Sandock*, 563 N.E.2d 526, 528 (Ind.1990).

T.R. 26(B)(1) provides as follows:

Unless otherwise limited by order of the court in accordance with these rules, the scope of discovery is as follows:

(1) *In general.* Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject-matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or the claim or defense of any other party, including the existence, description, nature, custody, condition and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter. It is not ground for objection that the information sought will be inadmissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence.

 Interestingly, the trial court did not find that Mother's records were either privileged or irrelevant. In fact, the trial court indicated that Old Indiana could delve into the matter of her health when Mother and her expert were called to the

1. For reasons hereinafter stated, we believe Mother's mental health is an issue.

witness stand. Therefore, the trial court's order seemingly expresses the belief that those matters are relevant.

Nonetheless, we agree with the conclusion reached by the trial court that the records held by Rev. James Rutherford concerning his pastoral counseling sessions with Mother are not discoverable. However, we reach the same conclusion for a different reason. Although, Mother might have more clearly stated her claim of privilege, we find that her statements contained in her Motion for Protective Order and Motion to Quash, and the supporting affidavit, are sufficient to raise a claim of privilege. Her statements indicating that it would be unfairly prejudicial to allow Old Indiana to obtain personal and confidential counseling records that contain numerous personal confidences disclosed to Rev. Rutherford support the conclusion to imply a claim of privilege as set out in Ind.Code § 34–46–3–1 (clergymen privilege).

Therefore, the trial court did not err by finding that Mother's counseling records were confidential.

## T.R. 35 EXAMINATION

Old Indiana claims that the trial court committed reversible error by denying its motion to have Mother tested pursuant to T.R. 35. The trial court found that Child could be tested by an expert in order to help Old Indiana defend against the claim. Mother and Child do not challenge the trial court's decision to allow Child to be examined by Old Indiana's expert. There-

fore, our discussion is limited to the issue of examination of Mother.

T.R. 35 provides in relevant part as follows:

**(A) Order for examination.** When the mental or physical condition (including the blood group) of a party, or of a person in the custody or under the legal control of a party, is in controversy, the court in which the action is pending may order the party to submit to a physical or mental examination by a physician or to produce for examination the person in his custody or legal control. The order may be made only on motion for good cause shown and upon notice to the person to be examined and to all parties and shall specify the time, place, manner, conditions, and scope of the examination and the person or persons by whom it is to be made.

The trial court found that Mother's right to confidentiality and privacy was superior to Old Indiana's presumed right to have her submit to testing pursuant to T.R. 35.

Old Indiana contends that the trial court abused its discretion by failing to require Mother to submit to an examination by their expert, who is a psychologist, and not a physician. Mother's only objection below was that Defendant's own psychologist would conduct the examination. In fact, she advanced the argument below that an independent psychologist should conduct the exam. Mother argues now on appeal that the trial court did not err by denying Old Indiana's request because the trial rule specifically provides for examination by a physician.[2] However,

---

**2.** Had Mother raised this issue before the trial court, she would have been correct. The trial rules specifically call for examination by a physician, not a psychologist. Our T.R. 35 specifically tracks the language of Federal Rule 35 prior to its amendment, which the federal court had held that examinations under the rule could be conducted only by a physician. 8 Wright & Miller, Federal Practice & Procedure § 2235 at 293 (Supp.1991). Further, state courts have held, absent amendment, Rule 35 examinations must be done by a physician. See *Avila v. Superior Court, County of Maricopa,* 169 Ariz. 49, 816

P.2d 946, 948–49 (Ct.App.1991); *Pitts v. Delaware Electric Cooperative, Inc.,* 1991 WL 302638 at *2 (Del.Super.); *Williams v. Smith,* 576 So.2d 448, 452 (La.1991). Arguably, in a case such as this, involving an alleged psychological disorder, a licensed, trained psychologist holding a doctorate in psychology might be better able to make determinations regarding psychological issues, than a physician who did not have any specialized training or expertise in such matters. The federal rule as now amended allows such examinations by a "suitably licensed or certified examiner."

Mother failed to present that argument below. Mother, therefore, has waived that argument. *See United Farm Bureau Mutual Insurance Co. v. Lowe,* 583 N.E.2d 164, 168 (Ind.Ct.App.1991).

In response to the stated opinion of Old Indiana's expert, Dr. Minturn, that separation anxiety possibly could have been caused by family stressors rather than the incident at Old Indiana, Mother offered the opinion of her expert, Dr. Krupshaw, that Mother was neither a causative factor nor did she exacerbate Child's separation anxiety. Evidently, Mother's own expert found Mother's psychological well-being relevant to the child's emotional health, and, therefore, we believe Mother's psychological and emotional makeup and mental condition, to the extent they bear upon the Child's alleged separation anxiety, are issues in this case which Old Indiana is entitled to pursue. Therefore, Old Indiana's request for examination of Mother by Dr. Minturn is appropriate and should be granted.

Additional assessment of the record leads us to believe that Mother and Child only objected to having Old Indiana's expert examine the parties. In fact, Mother and Child sought to have an independent psychologist conduct the testing.

We conclude that although the trial rules specifically call for use of a physician to conduct a T.R. 35 examination, since Mother and Child failed to object to the testing on that basis below, that argument is waived. The trial court erred by denying Old Indiana's expert the opportunity to examine Mother. Mother's "objection" involved Old Indiana's choice of psychologist. Mother will not be allowed to control Old Indiana's defense.

### CHILD'S EXAMINATION

On cross-appeal, Mother and Child claim that the trial court committed reversible error by failing to require that Mother receive advance submission of questions she would be asked at Child's examination, and by failing to require that Child's examination be videotaped.

Mother and Child assert that *Jacob v. Chaplin,* 639 N.E.2d 1010, (Ind.1994) stands for the proposition that a party subject to an order for a physical examination is entitled to tape record the examination. They argue that in the present case, applying *Jacob,* that they are entitled to videotape Child's psychological evaluation. We disagree.

■ In *Jacob,* the supreme court held that it was within the trial court's discretion to control discovery matters such as tape recording T.R. 35 examinations. The trial court in that case decided that it would allow the parties to tape record what transpired during the physical examination in lieu of taking written notes. In the present case, the trial court had the option of allowing or disallowing the recording of the examination. Because tape recording is allowed at the trial court's discretion and not as a matter of right or entitlement as Mother and Child advance, we review the decision for an abuse of discretion. We conclude that the trial court did not abuse its discretion by disallowing the tape recording.

■ Further, the trial court did not abuse its discretion by not requiring Old Indiana to submit to Mother the questions she would be asked during Child's examination. Mother argued that Old Indiana's expert would turn Child's examination into a de facto examination of Mother. However, the trial court suggested to Mother and her counsel that Mother could refuse to answer the questions if she was concerned about that happening. The trial court did not err.

### CONCLUSION

The trial court correctly held that Mother's counseling records were not discoverable. However, the trial court erred by

Notably, Indiana's trial rule has not been so amended.

holding that Mother should not be examined pursuant to T.R.35(a). Mother may be tested by a psychologist pursuant to T.R. 35(a) because she waived the issue below. The trial court correctly determined that Mother was not entitled to advance submission of the questions to be asked at Child's examination. Further, the trial court correctly determined that Mother was not entitled to have Child's examination videotaped.

Affirmed in part, reversed and remanded in part.

BAKER, J., and KIRSCH, J., concur.