CITY OF EDMOND, Oklahoma, a Municipal Corporation, and Edmond Public Works Authority, a trust, leasing the Edmond Memorial Hospital, and the Edmond Memorial Hospital Board, maintaining and operating the Edmond Memorial Hospital, Petitioners,

v.

The Honorable Jack R. PARR, District Judge of the Seventh Judicial District of the State of Oklahoma, Respondent.

No. 51414.

Supreme Court of Oklahoma.

May 16, 1978.

Rehearing Denied Dec. 11, 1978.

James D. Foliart, and Glen D. Huff, Foliart, Mills, Niemeyer, Oklahoma City, for petitioners.

Charles J. Watts, Procter, Fleming & Speck, Oklahoma City, for respondent.

IRWIN, Justice.

This original proceeding arises out of a medical malpractice action in which City of Edmond, Oklahoma, Edmond Public Works Authority, and Edmond Memorial Hospital Board (petitioners) are some of the named defendants. Application to assume original jurisdiction and petition for writ of prohibition are directed toward an order of the District Court of Oklahoma County, the Honorable Jack R. Parr (respondent), which required petitioners to produce for inspection and reproduction certain documents.

The documents are:

"1. All records kept by the Edmond Memorial Hospital Infectious Disease Control Committee, between the dates of August 1, and December 31, 1972.

2. All records of any official or unofficial investigation conducted by the Ed-

mond Memorial Hospital regarding the staphylococcus infection in the hospital or among its patients or employees, between the dates of August 1, and December 31, 1972."

The basis for the malpractice action pending in the district court is that a child, while a patient in the Edmond Memorial Hospital in 1972, allegedly contracted a severe staphylococcus infection which resulted in permanent injuries. In that action plaintiffs alleged petitioners were negligent in either failing to prevent the outbreak of the staphylococcus infection or failing to prevent its spread.

It appears that as a matter of routine hospital procedure Edmond Memorial's hospital staff maintains a standing committee comprised of staff physicians to investigate the source of any infection originating within the hospital or the spread of any infection which may be brought into the hospital by a patient. The committee's report on its investigation, findings and recommendations, if any, are regularly used by the hospital to improve infection control and, as in the case at bar, to assist in the defense of any malpractice action.

Petitioners seek a writ prohibiting the enforcement of respondent's order on the grounds that the documents ordered produced for inspection and reproduction are privileged under 63 O.S.1971, § 1–1709. We assume original jurisdiction. See *Carman v. Fishel*, Okl., 418 P.2d 963 (1966).

63 O.S.1971, § 1–1709, in pertinent part provides:

> "*Any Authorized person, hospital * *, or other organization may provide information, interviews, reports, statements, memoranda or other data relating to the condition and treatment of any person to any of the following for use in the course of studies for the purpose of reducing morbidity or mortality: The State Board of Health; * * *, or any committee or allied medical society thereof; or any in-hospital staff committee. No liability for damages or other relief shall arise or be enforced against any authorized person, institution or organization by reason of*

*having provided such information or material, or by reason of having released or published the findings and conclusions of such groups to advance medical research and medical education, or by reason of having released or published generally a summary of such studies. The recipients shall use or publish such information of material only for the purpose of advancing medical research or medical education in the interest of reducing morbidity or mortality, except that a summary of such studies may be released by any such group for general publication. In all events, the identity of any person whose condition or treatment has been studied shall be confidential and shall not be revealed under any circumstances. Any information furnished shall not contain the name of the person upon whom information is furnished and shall not violate the confidential relationship of patient and doctor. All information, interviews, <u>reports, statements, memoranda, or other data furnished by reason of this Section, and any findings or conclusions</u> resulting from such studies, <u>are declared to be privileged communications which may not be used or offered or received in evidence in any legal proceeding of any kind or character, and any attempt to use or offer any such information, interviews, reports, statements, memoranda or other data, findings or conclusions, or any part thereof, unless waived by the interested parties, shall constitute prejudicial error in any such proceeding.</u> * * *."*

 The purpose of modern discovery practice and procedure is to promote the discovery of the true facts and circumstances of a controversy, rather than to aid in their concealment. *Davis v. Davis*, Okl., 536 P.2d 915 (1975). To this end, legislation which purports to exempt certain types and classes of relevant materials from discovery are strictly construed. *Young v. King*, 136 N.J.Super. 127, 344 A.2d 792 (1975). Conversely, rules and statutory enactments dealing with discovery are given a liberal construction. *State ex rel. Remington Arms Co., Inc. v. Powers*, Okl., 552 P.2d

1150 (1976). On the basis of the foregoing announced preference of the law for full and open discovery, respondent contends the provisions of § 1–1709, supra, do not apply to the type of situation presented in the case at bar.

It is contended on behalf of respondent that § 1–1709, supra, provides a privilege to furnish information to certain entities and agencies and it was the obvious intent of the Legislature to protect only such entities and agencies from liability for furnishing such information. The argument is that there is no Legislative intent to protect a hospital from discovery of records in its possession and control. Several cases are cited from other jurisdictions construing other statutes but we may not ignore the clear import of certain language in sec. 1–1709, which clearly states:

"*all information, interviews, reports, statements, memoranda, or other data furnished by reason of this Section, and any findings or conclusions resulting from such studies, are declared to be privileged communications which may not be used or offered or received in evidence in any legal proceeding of any kind of character, and any attempt to use or offer*

*any such information, interviews, reports, statements, memoranda or other data, findings or conclusions, or any part thereof, unless waived by the interested parties, shall constitute prejudicial error in any such proceeding.*" (emphasis added)

 The records kept by the Edmond Memorial Hospital Infectious Disease Control Committee and the records pertaining to the investigation conducted by the Edmond Memorial Hospital regarding the staphylococcus infection in the hospital or among its patients or employees, come within the privilege of the above statute. Petitioners are entitled to injunctive relief.

WRIT GRANTED.

LAVENDER, V. C. J., and DAVISON, WILLIAMS, BERRY and BARNES, JJ., concur.

SIMMS and DOOLIN, JJ., dissent.