Edwin P. SEABERG, D.D.S., Petitioner,

v.

Tami J. LOCKARD and Dennis Lockard, Husband and Wife, and the Honorable Robert E. Caldwell, Judge of the District Court of Tulsa County, State of Oklahoma, Respondents,

and

Roger H. LINTHICUM, Personal Representative of the Estate of Barbara Linthicum, Deceased, Petitioner,

v.

DISTRICT COURT OF LeFLORE COUNTY, STATE OF OKLAHOMA, Respondent.

Nos. 74592, 74594.

Supreme Court of Oklahoma.

April 17, 1990.

As Corrected on Denial of Rehearing Nov. 26, 1990.

---

Glen D. Huff, G. Scott Ray, Foliart, Huff, Ottaway & Caldwell, Oklahoma City, for respondent-Physician.

## MEMORANDUM OPINION

OPALA, Vice Chief Justice.

These causes are both quests for a prerogative writ. The court assumes original cognizance and consolidates them for disposition by a single opinion.

The dispositive issue presented is whether the waiver of a physician/patient privilege imposed upon certain plaintiffs by the provisions of 76 O.S.Supp.1987 § 19(B)[1] contemplates a district court's pretrial declaration that no medical privilege exists, then to be followed by an order that authorizes or directs certain named health care providers to make themselves available for an ex parte interview by representatives of the defendant. *We answer in the negative.*

Although the law sanctions *voluntary ex parte communications* with physicians and other health providers where no legal privilege is deemed to exist, *judicial authority may not be exercised to facilitate or impede such informal communications.* *Johnson v. District Court of Oklahoma County,* Okl, 738 P.2d 151 [1987]. The waiver of a physician/patient privilege effected by the provisions of 76 O.S.Supp.1989 § 19(B) is imposed by force of law and stands restricted to the injury or death in litigation. It is to be viewed as self-executing. The cited statute does not authorize a district court's pretrial declaration that no privilege exists; nor does it contemplate a judicial order direct-

Mike Barkley, Jay B. White, Theresa G. Dreiling, Barkley, Rodolf, Silva, McCarthy & Rodolf, Tulsa, for petitioner Seaberg and respondent-hospital.

Steven R. Hickman, Frasier & Frasier, Tulsa, for respondent Lockard.

Michael T. Rooney, Merritt, Rooney, Collier & Rooney, Inc., Oklahoma City, for petitioner Linthicum.

1. The provisions of 76 O.S.Supp 1987 § 19(B) are:

B. In cases involving a claim for personal injury or death against any practitioner of the healing arts or a licensed hospital, arising out of patient care, where any person has placed his physical or mental condition in issue by the commencement of any action, proceeding or suit for damages, or where any person has placed in issue the physical or mental condition of any other person or deceased person by or through whom such person rightfully claims, he shall be deemed to waive any privilege granted by law concerning any communication made to a physician or health care provider with reference to any physical or mental condition or any knowledge obtained by such physician or health care provider by personal examination of any such patient; provided that, before any such communication, medical or hospital record or testimony is admitted in evidence in any proceeding it must be material and relevant to an issue therein, according to existing rules of evidence.

ing or authorizing physicians or other health care providers to make themselves available for ex parte interviews by the legal representatives of a defendant.

ON CONSIDERATION OF THE PAPER-WORK ON FILE IN THESE ORIGINAL PROCEEDINGS, THE COURT HOLDS:

In Cause No. 74,594, let the writ issue *prohibiting the enforcement of* orders dated August 23, 1989 and December 8, 1989, entered by the District Court, LeFlore County in Cause No. C–89–273 on its docket, styled *Roger H. Linthicum, Personal Representative of the Estate of Barbara Linthicum, Deceased v. LeFlore County Memorial Hospital Authority et al.*

In Cause No. 74,592, let the writ issue *prohibiting* the October 6, 1989 order, entered by the District Court, Tulsa County, in Cause No. CJ–89–4366 on its docket, styled *Tami J. Lockard and Dennis Lockard, Husband and Wife v. Edwin P. Seaberg, D.D.S., from being treated or enforced as a legal barrier to voluntary ex parte communications* between defendant's counsel and any health care provider who may be a potential witness for the plaintiff.

 Where no legal privilege is deemed to exist with respect to the injury or death that is in litigation, neither statute nor case law *prohibits* the legal representatives of a defendant from conducting *voluntary ex parte interviews* with a plaintiff's prospective medical witness, but judicial action may not be invoked to facilitate or impede informal interviews. See *Johnson v. District Court of Okla. County, supra.*

ORIGINAL JURISDICTION ASSUMED; WRITS GRANTED.

HARGRAVE, C.J., and HODGES, LAVENDER, DOOLIN, ALMA WILSON and KAUGER, JJ., concur.

SUMMERS, J., concurs in part, dissents in part.