[No. B059896. Second Dist., Div. Five. Mar. 4, 1993.]

GRACE RAMIREZ, Plaintiff and Appellant, v.
CATHRYN ELAINE MacADAM et al., Defendants and Respondents.

**[Opinion certified for partial publication.\*]**

---

*Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for publication with the exception of parts II, II.A through III.D.1 and III.E. to and including III.J. The indicated portion of part IV is to be published. The notation "I. INTRODUCTION" is not to be published although the remainder of the introduction language is to be included in the Official Reports.

**COUNSEL**

Oscar E. Toscano for Plaintiff and Appellant.

Inglis, Ledbetter & Gower, Richard S. Gower, Burns, Ammirato, Palumbo, Milam & Baronian, Justine L. Granas and Valerie Julien-Peto for Defendants and Respondents.

**OPINION**

**TURNER, P. J.**—This action for personal injuries arose out of an automobile accident. Grace Ramirez (plaintiff) was a passenger in a car driven by her sister, defendant Gloria Pastran, when it was struck by an automobile driven by defendant Cathryn MacAdam. Plaintiff appeals from a judgment in her favor after a jury verdict in the amount of $3,000. Plaintiff raises numerous contentions on appeal relating to the testimony of various physicians, time restrictions imposed by the trial court, jury instructions, cost awards, and the new trial motion. In the published portion of this opinion we address the questions of whether the trial court erroneously declined to permit videotaping of a court-ordered medical examination conducted pursuant to Code of Civil Procedure section 2032.[1] Solely pursuant to a concession, we reverse in part the order denying plaintiff's motion to tax costs. The judgment is in all other respects affirmed.

II.-III. D. 1*

. . . . . . . . . . . . . . . . . . . . . . . . . . . .

---

[1]All further statutory references are to the Code of Civil Procedure unless otherwise noted.
*See footnote, *ante,* page 1638.

## 2. *The videotape issue*

■ Plaintiff's principal contention with respect to the court-ordered medical examination of her is that it was prejudicial error to deny her request to videotape the physical examination. To date, no California appellate court has determined whether the Civil Discovery Act of 1986 can be construed to permit videotaping of a physical examination. Under the law in existence prior to the enactment of the 1986 act, the proposed videotaping of a defense medical examination was considered by the Supreme Court in *Edmiston* v. *Superior Court* (1978) 22 Cal.3d 699, 702-704 [150 Cal.Rptr. 276, 586 P.2d 590]. The Supreme Court issued a writ of mandate directing the superior court to vacate an order that a defense medical examination be videotaped. (*Id.* at pp. 700-701.) The court held former section 2032, governing medical examinations, did not expressly authorize videotaping and the plaintiff had not shown the videotaping to be necessary. (22 Cal.3d at pp. 703-704.) Section 2032, subdivision (a), then provided: "In an action in which the . . . physical condition . . . of a party, is in controversy, the court in which the action is pending may order the party to submit to a physical . . . examination by a physician . . . ." (Former § 2032, subd. (a), repealed by Stats. 1986, ch. 1334, § 1, p. 4700, reenacted by Stats. 1986, ch. 1336, § 1, pp. 4747-4752, reenactment amended by Stats. 1987, ch. 86, §§ 14, 20, pp. 335-341; *Edmiston* v. *Superior Court, supra,* 22 Cal.3d at p. 701.) The statute expressly authorized a written report of the examiner's findings and conclusions (former § 2032, subd. (b)(1); *Edmiston* v. *Superior Court, supra,* 22 Cal.3d at p. 702), but did not provide for recording of medical examinations by videotaping. The Supreme Court concluded it was for the Legislature to determine whether videotaping of medical examinations should be authorized. (*Id.* at p. 704.)

The Supreme Court had previously held that a plaintiff could have his or her attorney present during a defense medical examination and a court reporter present " 'to report, or later testify to, what occurred during the examination.' (*Gonzi* v. *Superior Court* [(1959)] 51 Cal.2d 586, 589 [355 P.2d 97].)" (*Edmiston* v. *Superior Court, supra,* 22 Cal.3d at p. 702.) In *Edmiston,* the court cited with approval the case of *Ebel* v. *Superior Court* (1974) 39 Cal.App.3d 934, 937 [114 Cal.Rptr. 722], in which the Court of Appeal had held " 'the use of any mechanical device capable of attaining the same objective [as in *Gonzi*] is permissible.' [Citation.]" (*Ibid.*) The Court of Appeal in *Ebel* had approved the use of a tape recorder. (*Ibid.*; *Ebel* v. *Superior Court, supra,* 39 Cal.App.3d at p. 937.) However, as noted previously, the Supreme Court held that no videotaping of the examination could occur.

Former section 2032 was repealed and reenacted in a different form effective July 1, 1987. (Stats. 1987, ch. 86, § 14, pp. 335-341; Stats. 1986,

ch. 1336, § 1, pp. 4747-4752; and Stats. 1986, ch. 1334, § 1, p. 4700.) Section 2032 now provides, in relevant part: "(g) . . . The attorney for the examinee . . . shall be permitted to attend and observe any physical examination conducted for discovery purposes, *and to record stenographically or by audiotape any words spoken to or by the examinee during any phase of the examination.*" (Italics added.) The statute codified the existing case law in allowing for the presence of the examinee's attorney and audiorecording of the examination. Like its predecessor, the statute does not authorize videotaping of medical examinations. Significantly, however, the Legislature, in its 1986 revision of the discovery statutes, *did* expressly authorize videotaping of deposition testimony. (§ 2025, subd. (*l*).) Here, as in *Edmiston* v. *Superior Court, supra,* 22 Cal.3d at page 704, the trial court properly deferred to the Legislature's decision not to authorize videotaping of medical examinations. Finally, the reporter's notes of the State Bar-Judicial Council Joint Commission on Discovery which produced the draft of the Civil Discovery Act of 1986 specifically reflected an intention to adopt existing decisional authority which included the holding in *Edmiston.* (3 Hogan, Modern California Discovery 4th (4th ed. 1988) pp. 244-246.) This is strong evidence of a legislative intent in the enacting Civil Discovery Act of 1986 "that videotaping of medical examination is not permissible." (1 Hogan, Modern California Discovery 4th (4th ed. 1988) § 8.13, p. 490.) Other authorities agree that the Civil Discovery Act of 1986 did not authorize the videotaping of court-ordered physical examinations conducted pursuant to section 2032. (3 DeMeo, Cal. Deposition and Discovery Practice (1992) § 62.11, pp. 62-32-62-33; 2 Civil Discovery Practice in Cal. (Cont.Ed.Bar. 1988) § 10.12, p. 616; 2 Weil, Cal. Practice Guide, Civil Procedure Before Trial (The Rutter Group 1992) § 8:1588, p. 81-19; 2 Flahavan, Cal. Practice Guide Personal Injury (The Rutter Group 1992) § 6:365, p. 6-68; 5 Sacks, Cal. Torts (1992) § 72.43[4A], p. 72-94.) Therefore, the trial judge correctly denied plaintiff's request that her court-ordered physical examination be videotaped.

### III. E.-III. J.*

. . . . . . . . . . . . . . . . . . . . . . . . . . . .

The order denying plaintiff Grace Ramirez's motion to tax costs as claimed by defendant Gloria Pastran is reversed in part. The matter is remanded for entry of a new order granting plaintiff's motion to tax costs solely as to the expert witness fees paid or payable to Milton Ashby, M.D., in the amount of $4,850, and awarding defendant Gloria Pastran as costs the ordinary witness fees payable to Dr. Ashby. The trial court's ruling on

*See footnote, *ante,* page 1638.

plaintiff's motion to tax costs is in all other respects affirmed. Except as to the order denying plaintiff's motion to tax costs, the judgment is affirmed. Defendants Cathryn MacAdam and Gloria Pastran are to recover their costs on appeal from plaintiff Grace Ramirez.

Grignon, J., and Boren, J.,* concurred.

---

*Presiding Justice of the Court of Appeal, Second District, Division Two, sitting under assignment by the Chairperson of the Judicial Council.