■ TERRY R. BLAKE et al., Appellants, v LESLIE C. CZYSZ et al., Respondents. [723 NYS2d 914] —Order unanimously affirmed with costs. Memorandum: Contrary to plaintiffs' contention, Supreme Court did not abuse its discretion in precluding Terry R. Blake (plaintiff) or his representative from audiotaping or otherwise recording the independent medical examination of plaintiff (*see, Parsons v Hytech Tool & Die,* 241 AD2d 936, 937; *Savarese v Yonkers Motors Corp.,* 205 AD2d 463, 463-464). (Appeal from Order of Supreme Court, Oswego County, McCarthy, J.—Discovery.) Present—Pigott, Jr., P. J., Pine, Hayes, Kehoe and Burns, JJ.

■ In the Matter of HOLMES ORTIZ, Petitioner, v GLENN S. GOORD, as Commissioner of New York State Department of Correctional Services, Respondent. [724 NYS2d 379] —Proceeding unanimously dismissed without costs as moot (*see, Matter of Free v Coombe,* 234 AD2d 996). (CPLR art 78 Proceeding Transferred by Order of Supreme Court, Wyoming County, Dadd, J.) Present—Green, J. P., Hurlbutt, Scudder, Burns and Lawton, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JULIO FIGUEROA, Appellant. [725 NYS2d 254] —Judgment unanimously affirmed. Memorandum: Contrary to the contention of defendant, he voluntarily and intelligently waived his right to appeal (*see, People v Allen,* 82 NY2d 761, 763), and that waiver encompasses his contention that the sentence is unduly harsh or severe (*see, People v Hidalgo,* 91 NY2d 733, 737). Defendant's further contention that the restitution order must be vacated because restitution was not a part of the plea agreement is not preserved for our review (*see,* CPL 470.05 [2]), and in any event is lacking in merit (*see, People v Parsons,* 210 AD2d 901, *lv denied* 85 NY2d 941). (Appeal from Judgment of Erie County Court, Pietruszka, J.—Attempted Assault, 2nd Degree.) Present—Green, J. P., Hurlbutt, Scudder, Burns and Lawton, JJ.