2007 OK 94

**Cody Harrison BOSWELL and, Cheryl Boswell, Petitioners,**

v.

**Kandee SCHULTZ, Respondent,**

and

**Vicki L. Robertson, Judge of the District Court, real party in interest.**

No. 104,840.

Supreme Court of Oklahoma.

Dec. 4, 2007.

Howard Israel, Oklahoma City, OK, for Petitioners.

KAUGER, J.

¶ 1 The issue presented is whether a party to a lawsuit who is required to undergo a medical examination pursuant to 12 O.S.2001 § 3235 [1] may videotape his or her examina-

1. Title 12 O.S.2001 § 3235 provides in pertinent part:

A. SCOPE WHEN ELEMENT OF CLAIM OR DEFENSE. When the physical, including the blood group, or mental condition of a party or of a person in custody or under the legal control of a party, is in controversy in any proceeding in which the person relies upon that condition as an element of his claim or defense, an adverse party may take a physical or mental examination of such person.

B. PROCEDURE WHEN ELEMENT OF CLAIM OR DEFENSE. The party desiring to take the physical or mental examination of

tion. We hold that he or she may. Therefore, we assume original jurisdiction and grant the writ of prohibition and writ of mandamus.

### FACTS

¶ 2 On July 28, 2006, the petitioners, Cody and Cheryl Boswell, filed a lawsuit against the respondent, Kandee Schultz, seeking to recover damages for personal injuries sustained from an automobile accident. As part of the pretrial discovery process, the respondent sought to have the petitioners undergo medical examinations by a doctor of respondent's choice pursuant to 12 O.S.2001 § 3235.[2]

¶ 3 The respondent chose Dr. Winzenread (doctor) to examine the petitioners. On May 24, 2007, the petitioner, Cody Boswell, showed up for his examination with his lawyer, who brought along a video camera. The attorney began videotaping as soon as he entered the doctor's office, but was asked to stop by the doctor's receptionist. Apparently the doctor's policy was not to allow videotaping because it was: 1) an invasion of the privacy of the other patients in the office; 2) annoying and distracting to the doctor; and 3) intrusive and an interference with the doctor's examination. The petitioners refute the doctor's excuses, pointing out in the response to the motion to compel that the reason given at the time was that "unless the attorney who actually had—has the case scheduled and is paying for the exam—um—

unless that attorney gives us permission or gives someone permission to videotape at the time, then it is not done."

¶ 4 Because the parties were unable to agree whether to allow the videotaping, the examination did not take place. The doctor also indicated that an examination of the other petitioner, Cheryl Boswell, would not take place either. On May 25, 2007, the respondent filed a Motion to Compel, requesting that the trial court order the petitioners submit to the examination because they had no legal basis to demand to videotape the examinations. The respondent also sought attorney's fees and costs incurred in filing the motion and cancelling the doctor's appointments. On July 5, 2007, the trial court granted the respondent's motion to compel. On July 11, 2007, the petitioners filed an application to assume original jurisdiction in this Court.

¶ 5 **A PARTY TO A LAWSUIT WHO IS REQUIRED TO SUBMIT TO A MEDICAL EXAMINATION PURSUANT TO 12 O.S.2001 § 3235 IS PERMITTED TO VIDEOTAPE THE EXAMINATION.**

¶ 6 The respondent argues that there is no legal basis to support the petitioners' demand to video the examination. The petitioners counter that: 1) 12 O.S.2001 § 3235[3] does not prohibit a person who is required to undergo a medical examination from videotaping the examination; and 2) the person being examined has a right to demand video-

another party or of a person in custody or control of another party within the scope of subsection A of this section shall serve his request upon the person to be examined and all other parties. The request shall specify the time, place, manner, conditions and scope of the examination and the person or persons by whom it is to be made.

No request shall be served until thirty (30) days after service of summons and petition upon the defendant. The request shall set a time for the examination not less than five (5) days after service of the notice.

If the party or person in custody or control of the party who is to be examined objects to the physical or mental examination then he shall file a motion objecting to the examination and setting out the reasons why his mental or physical condition is not in controversy or such person may apply for a protective order under the provisions of subsection C of Section 3226

of this title. The burden of proof is upon the person objecting to the examination or requesting a protective order. The court may set the conditions for examination or refuse to permit such examination if the mental or physical condition is not in controversy. If the party or the person in custody or control of the party refuses to obey the court order to submit to a physical or mental examination the court may impose those sanctions provided for in paragraph 4 of subsection A and paragraph 2 of subsection B of Section 3237 of this title.

If the motion is granted to prohibit the examination, the court may impose those sanctions provided for in paragraph 4 of subsection A of Section 3237 of this title upon the party requesting the examination. . . .

2. Title 12 O.S.2001 § 3235, see note 1, supra.

3. Title 12 O.S.2001 § 3235, see note 1, supra.

taping because it would have probative value and provide reliable proof if a doctor were biased and merely acting as a partisan for the opposing party.

¶ 7 In the nineteenth century, the United States Supreme Court in *Union Pacific Ry. Co. v. Botsford,* 141 U.S. 250, 11 S.Ct. 1000, 35 L.Ed. 734 (1891) expressed the common law view that court-ordered medical examinations were repugnant to a person's privacy and bodily integrity.[4] However, over time and by at least the 1960's this view was no longer valid and this Court began to allow medical examinations of plaintiffs in personal injury suits recognizing that: 1) the object of all court litigation was, as far as possible, to arrive at the truth and administer justice; and 2) when persons appeal to the courts for justice, they are impliedly agreeing to make any disclosures which are necessary to be made in order that justice may be done.[5] In other words, just as a plaintiff may be entitled to redress for an injury caused by a defendant, the defendant is entitled to verify the existence and extent of the injury.

¶ 8 Title 12 O.S.2001 § 3235[6] was apparently born out of this controversy, because it statutorily sets forth the procedures for obtaining through discovery physical and mental examinations of parties to a lawsuit. Subsections (A) and (B) govern when the party's physical condition is an element of that party's claim or defense,[7] while subsection (C) governs when the party's physical condition is not an element of that party's claim or defense.[8] When a party's physical condition is in controversy and is relied upon as an element of that party's claim or defense, as it is in the instant cause, an adverse party "may take" a physical examination of the party.[9] A representative of the party to be examined is expressly authorized to be present at the examination.[10] After the examination, a detailed written report of the examiner setting out the findings, results, diagnoses, and conclusions is required.[11]

4. In *Union Pacific Ry. Co. v. Botsford,* 141 U.S. 250, 11 S.Ct. 1000, 35 L.Ed. 734 (1891) the United States Supreme Court refused to require a plaintiff to undergo a medical examination, describing a court-ordered medical examination as an indignity, an assault, and a trespass. This Court, relying on *Botsford,* supra, also refused to compel a plaintiff in a civil action for damages to submit to a medical examination without consent in *City of Kingfisher v. Altizer,* 1903 OK 54, ¶¶ 5-8, 74 P. 107. The Court also recognized in *Atchison, T & S.F. Railroad Co. v. Melson,* 1913 OK 488, ¶ 1, 134 P. 388 that the Courts could not order a plaintiff in a damage case to submit to an examination by a physician in the absence of a statutory or constitutional provision. Although *Union,* supra, has not been expressly overruled, by the 1960's, the antiquated view was no longer being followed and cases relying on it in Oklahoma were expressly overruled. In *Witte v. Fullerton,* 1962 OK 211, ¶ 18, 376 P.2d 244, the Court determined that a trial court in the exercise of its discretion in personal injury actions upon a timely request could order a plaintiff to submit to a physical examination and expressly overruled *City of Kingfisher v. Altizer,* supra and any other prior decisions to the contrary.

5. *Witte v. Fullerton,* see note 4, supra at ¶¶ 5-12. See discussion, note 4, supra.

6. Title 12 O.S.2001 § 3235, see note 1, supra.

7. Title 12 O.S.2001 § 3235, see note 1, supra.

8. Title 12 O.S.2001 § 3235(C) provides:

ORDER FOR EXAMINATION. When the physical, including the blood group, or mental condition of a party, or a person in the custody or under the legal control of a party, is in controversy but does not meet the conditions set forth in subsection A of this section, the court in which the action is pending may order the party to submit to a physical or mental examination by a suitably licensed or certified examiner or to produce for such examination the agent, employee or person in his custody or legal control. The order may be made only on motion for good cause shown and upon notice to the person to be examined and to all parties. The order shall specify the time, place, manner, conditions and scope of the examination and the person or persons by whom it is to be made.

9. Title 12 O.S.2001 § 3235, see note 1, supra.

10. Title 12 O.S.2001 § 3235(D) provides:

REPRESENTATIVE MAY BE PRESENT. A representative of the person to be examined may be present at the examination.

11. Title 12 O.S.2001 § 3235(E) provides:

REPORT OF EXAMINER.
1. If requested by the party or the person examined under this section, the party causing the examination to be made shall deliver to him a copy of a detailed written report of the examiner setting out his findings, including results of all tests made, diagnoses and conclusions, together with the like reports of all earlier examinations of the same condition. After

¶ 9 The Legislature, in § 3235(B), authorized a party to request conditions for the medical examination and allowed the trial court to impose conditions regarding the examination, but did not specify precisely what "conditions" are to be allowed.[12] In *McCullough v. Mathews*, 1995 OK 90, ¶¶ 1–2, 918 P.2d 25, the Court assumed original jurisdiction to determine whether anything or anyone other than the party being examined and the physician doing the examining, should be allowed in the examination room.

¶ 10 *McCullough*, construing § 3235(D), recognized that the statute expressly authorizes the person being examined to bring a third party representative to the examination; and that the statute was without restriction as to who could serve as a third party representative—an attorney or anyone else. Consequently, the Court held that an attorney was entitled to serve as a third party representative under the statute.

¶ 11 In *McCullough*, the trial court, as part of the conditions of the examination, had authorized that handwritten notes could be taken during the examination. We determined that the trial judge did not abuse his discretion in allowing handwritten notes to be taken, but we also recognized that an audio recording of the examination should be allowed. *McCullough* did not state the reason or purpose for allowing an audio recording; but in *St. Clair v. Hatch*, 2002 OK 101, ¶ 5, 62 P.3d 382, we noted that when the party to be examined is relying upon a condition that is an element of that party's claim or defense, § 3235 favors the rights of the party seeking the examination to fully investigate and prepare its case, to ascertain whether the plaintiff actually has the injuries which are alleged to have been caused by a defendant.

¶ 12 However, the purpose of the statute is twofold. The obvious counterpoint of allowing a "full investigation" would be to make certain that the injured party has an accurate and complete record of the proceeding, and to allow the party undergoing an examination to have reliable proof that the examiner is unbiased and not merely a shill for the opposing party. Allowing an electronic recording would expose the true facts and strike a balance to prevent either a false claim or a cursory exam.

¶ 13 Unless a contrary intent clearly appears, if a statute previously construed by courts of last resort is reenacted in the same or substantially the same terms, the Legislature is presumed to have been familiar with its construction, and to have adopted such construction as an integral part of the statute.[13] After our ruling in *McCullough*, supra, the statute was recodified in 2001 without any changes. The Legislature did not override our construction of that statute and audio recording was approved as an authorized device allowed in the examination. A video recording would be a superior method of providing an impartial record of the physical examination.

delivery, the party causing the examination shall be entitled upon request to receive from the party or person against whom the order is made a like report of any examination, previously or thereafter made, of the same condition, unless, in the case of a report of examination of a person not a party, the party shows that he is unable to obtain it. The court on motion may enter an order against a party requiring delivery of a report on such terms as are just. If an examiner fails or refuses to make a report the court may exclude his testimony if offered at the trial.

2. If the physician or psychotherapist-patient privilege has not already been waived as provided in the Oklahoma Evidence Code requesting and obtaining a report of the examination made or by taking the deposition of the examiner, the party examined waives any privilege he may have in that action or any other involving the same controversy, regarding the testimony of every other person who has examined or may thereafter examine him in respect of the same physical or mental condition.

3. This subsection applies to examinations made by agreement of the parties, unless the agreement expressly provides otherwise. This subsection does not preclude discovery of a report of an examiner or the taking of a deposition of the examiner in accordance with the provisions of any other section of the Oklahoma Discovery Code.

12. Title 12 O.S.2001 § 3235(B), see note 1, supra.

13. *Special Indemn. Fund v. Bedford,* 1993 OK 60, ¶ 8, 852 P.2d 150. *See, Huff v. State,* 1988 OK 118, ¶ 4, 764 P.2d 183; *Arkansas La. Gas v. Travis,* 1984 OK 33, ¶ 6, 682 P.2d 225; *Horath v. Pierce,* 1973 OK 6, ¶ 19, 506 P.2d 548; *Larkin v. Hiittenmeyer,* 1945 OK 195, ¶ 18, 161 P.2d 749.

¶ 14 The purpose of modern discovery practice and procedure is to promote the discovery of the true facts and circumstances of the controversy, rather than to aid in their concealment.[14] In *State ex rel. Remington Arms Co., Inc. v. Powers*, 1976 OK 103, ¶ 4, 552 P.2d 1150,[15] the Court recognized that rules and statutory enactments dealing with discovery are to be given liberal construction,[16] stating:

> The purposes of the discovery statute are to facilitate and simplify identification of the issues by limiting the matters in controversy, avoid unnecessary testimony, promote justice, provide a more efficient and speedy disposition of cases, eliminate secrets and surprise, prevent the trial of a lawsuit from becoming a guessing game, and lead to fair and just settlements without the necessity of trial. Discovery statutes permit obtaining of evidence in the sole possession of one party which is unavailable to opposing counsel through the utilization of independent means. For these reasons, the rules dealing with discovery, production, and inspection are to be liberally construed. The intent of the Oklahoma discovery statutes is to attempt to provide procedures which promote accurate information in advance of trial concerning the actual facts and circumstances of a controversy, rather than to aid in its concealment. The utilization of discovery enables attorneys to better prepare and evaluate their cases. Ascertainment of truth and the ultimate disposition of lawsuit is better accomplished when parties are well educated through discovery as to their respective claims in advance of trial. Pretrial discovery procedures are intended to enhance truth-seeking process, and good faith compliance with such procedures is both desirable and necessary. (Citations omitted.)

¶ 15 Other courts have construed similar discovery statutes and addressed whether to allow the examination to be recorded. The federal counterpart to § 3235, Rule 35 of the Federal Rules of Civil Procedure, 28 U.S.C.A. (1991), is more restrictive than Oklahoma's statute [17] in that it does not have a provision for the presence of a third party or representative of a party to attend the examination.[18] Yet, federal courts have been

---

**14.** *City of Edmond v. Parr*, 1978 OK 70, ¶ 7, 587 P.2d 56; *State ex rel. Remington Arms Co., Inc. v. Powers*, 1976 OK 103, ¶ 4, 552 P.2d 1150; *Davis v. Davis*, 1975 OK 83, ¶ 4, 536 P.2d 915.

**15.** *State ex rel. Remington Arms Co., Inc. v. Powers*, see note 6 supra, involved an attempt by a plaintiff to remove evidence from the state of Oklahoma for the purposes of privately inspecting, photographing, examining and testing it. The Court refused to order the trial court to allow removal of the evidence because the plaintiff made no showing of good cause nor made a showing that the testing could not be done within the state.

**16.** *City of Edmond v. Parr*, see note 6, supra; *State ex rel. Remington Arms Co., Inc. v. Powers*, see note 6, supra; *Davis v. Davis*, see note 6, supra.

**17.** While pronouncement of a federal law question by an inferior federal court is not binding on this Court, we have looked to federal law for persuasive instruction when considering similar state law questions. *Mehdipour v. State ex rel. Department of Corrections*, 2004 OK 19, ¶ 18, 90 P.3d 546.

**18.** Rule 35, Federal Rules of Civil Procedure, 28 U.S.C.A. (1991) provides:

(a) Order for Examination. When the mental or physical condition (including the blood group) of a party or of a person in the custody or under the legal control of a party, is in controversy, the court in which the action is pending may order the party to submit to a physical or mental examination by a suitably licensed or certified examiner or to produce for examination the person in the party's custody or legal control. The order may be made only on motion for good cause shown and upon notice to the person to be examined and to all parties and shall specify the time, place, manner, conditions, and scope of the examination and the person or persons by whom it is to be made.

(b) Report of Examiner.

(1) If requested by the party against whom an order is made under Rule 35(a) or the person examined, the party causing the examination to be made shall deliver to the requesting party a copy of the detailed written report of the examiner setting out the examiner's findings, including results of all tests made, diagnoses and conclusions, together with like reports of all earlier examinations of the same condition. After delivery the party causing the examination shall be entitled upon request to receive from the party against whom the order is made a like report of any examination, previously or thereafter made, of the same condition, unless,

divided on the issue of whether to allow the examination to be recorded.[19] A few jurisdictions have rules or statutes which contain provisions similar to Oklahoma's statute,[20] providing for the attendance of a third party such as the examinee's representative or attorney, or allowing for the recording of the examination by stenography, audio recording or video recording.[21] In states where audio recording or stenography is expressly allowed, but videotaping has been omitted from the rule or statute, some courts have declined to allow videotaping because of its specific omission.[22]

in the case of a report of examination of a person not a party, the party shows that the party is unable to obtain it. The court on motion may make an order against a party requiring delivery of a report on such terms as are just, and if an examiner fails or refuses to make a report the court may exclude the examiner's testimony if offered at trial.

(2) By requesting and obtaining a report of the examination so ordered or by taking the deposition of the examiner, the party examined waives any privilege the party may have in that action or any other involving the same controversy, regarding the testimony of every other person who has examined or may thereafter examine the party in respect of the same mental or physical condition.

(3) This subdivision applies to examinations made by agreement of the parties, unless the agreement expressly provides otherwise. This subdivision does not preclude discovery of a report of an examiner or the taking of a deposition of the examiner in accordance with the provisions of any other rule.

This rule was amended by U.S. order 07–30 effective December 1, 2007, but no substantive changes were made.

**19.** The issue has not been resolved by the United States Supreme Court, but federal courts have reached differing results. For example, in *Abdulwali v. Washington Metro Area Transit Authority*, 193 F.R.D. 10, 13 (D.D.C.2000), the Court held that the plaintiff did not show a compelling need for the presence of her counsel during an independent psychiatric examination nor did she show sufficient need for her to be allowed to record the examination. However, in *Zabkowicz v. West Bend Co.*, 585 F.Supp. 635 (D.C.Wis. 1984), the Court held that the plaintiffs were entitled to have a third party, including counsel, or a recording device at the examination. For a more through discussion of the issue of third-party presence during a required examination, see Thomas M. Fleming, *Right of a Party to Have Attorney or Physician Present During Physical or Mental Examination at Instance of Opposing Party*, 84 A.L.R.4th 558 (1991); E.R. Soeffing, *Right of Party to Have His Attorney or Physician, or a Court Reporter, Present During His Physical or Mental Examination by a Court–Appointed Expert*, 7 A.L.R.3d 881 (1966); M.L. Cross, *Nature, Extent, and Conduct of Physical Examination of Party to Action or Proceeding to Recover for Personal Injury or Disability*, 135 A.L.R. 883 (1941).

**20.** Title 12 O.S.2001 § 3235, see note 1, supra.

**21.** In a few states, the right of an external presence in the examination room is expressly provided by rule or statute. Ariz.Rev.Stat., R. Civ. Proc. R. 35(a) [Providing for the person being examined to have a representative present during the examination, the right to record by audiotape and the right to video-record upon a showing of good cause.]; Cal.Code Civ. Proc., Part. 4, tit. 4, Ch. 15, art. 5, § 2032.510 (2004) [Allowing the attendance of attorney for the examinee or the attorney's representative and to record by stenographically or audio technology.]; Ill. Stat. Ch. 735, Act. 5, art. II, Part 10, § 5/2–1003(d) (1995) [A portion of which has been declared unconstitutional, allows the plaintiffs to have their attorney or other such persons as they may wish present at the examination.]; Mich. Comp. Laws, Ch. 2, subch. 2.300, R.Civ. Proc. R. 2.311 (1985) [Order for examination may provide for the attorney for the person to be examined to be present.]; Pa. Con. Stat. Ann. R. Civ. Proc. No. 4010 (2002) [Allows stenographic or audio recording of the examination at the party's expense.]; Wa. Super. Ct. R. Civ. Cr 35 (2001) [The party being examined may make an audio recording of the examination and a videotape recording may be made on agreement of the parties or by order of the court.]. While Utah's rule, Utah Code Ann. R. Civ. Proc. R. 35 (1993) is non-specific, the advisory committee note to the rule provides that in order to establish the conditions of the examination the court may also, for good cause shown, order that the examination be recorded or that a representative of the party or person to be examined be allowed to attend the examination.

**22.** In *Fetchen v. Kelly Run Sanitation*, 1998 WL 1077236 (Pa.Com.Pl.1998), in an unpublished opinion the Pennsylvania Court of Common Pleas refused to allow videotaping because the Pennsylvania statute only allowed stenographic or audio recording and the omission of videotaping was not inadvertent. In *Ramirez v. MacAdam*, 13 Cal.App.4th 1638, 16 Cal.Rptr.2d 911 (1993), the California Court of Appeals discussed the history of its statute, prior California decisions interpreting the statute, and specific legislative changes in response to court interpretations of the statute and concluded that videotaping is not permitted because it was intentionally omitted. Although California's statute has been repealed, recodified and renumbered since *Ramirez*, the current version also omits videotaping. See Cal.Code Civ. Proc. Part 4, tit. 4, Ch. 15, art. 5, § 2032.5210 (2004). *See also, Astill v. Clark*, 956 P.2d 1081, 1089 (Utah App.

¶ 16 Nevertheless, despite the lack of explicit legislative authorization,[23] many state courts have approved a variety of conditions such as the presence of counsel, a stenographic transcription of the examination, a tape-recording of the examination, and videotaping the examination.[24] The Supreme

1998) [In the absence of statutory language, the issue of videotaping is left for the Utah Supreme Court to decide.]. *Henry v. Barlow*, 937 So.2d 895, 898 (La.App. 3 Cir.2006) [Recognizing that allowing the examination to be videotaped would note be consistent with the spirit or intent of the Louisiana statute.].

**23.** Many jurisdictions have very general statutes which are silent as to what conditions may be imposed or who may be allowed to attend an examination. For example, Kentucky Rules of Civil Procedure C.R. 35.01 (1991) provides:

When the mental or physical condition (including blood group) of a party, or of a person in the custody or under the legal control of a party, is in controversy, the court in which the action is pending may order the party to submit to a physical or mental examination by a physician, dentist or appropriate health care expert, or to produce for examination the person in his custody or legal control. The order may be made only on a motion for good cause shown and upon notice to the person to be examined and to all parties and shall specify the time, place, manner, conditions, and scope of the examination and the person or persons by whom it is to be made.

Other jurisdictions have very similar rules or statutes. *See*, D.C. Super. Ct. Civ. Proc. R. 35; Iowa Code Ann. Ch. 1, Div. 5, I.C.R. 132 (2002); La. Civ. Proc. Ann, tit. 3, Ch. 3, § 2, Art. 1464 (2005); N.J. Stat. Ann., N.J. R. of Ct. Part 4, Ch. 3, R. 4:19 (2002); N.Y. Law Ann. Ch. 8, art. 31, § 3121 (2004); Md Code Ann. tit. 2, Ch. 400, R. 2–423 (1997); Minn.Stat. Ann. R. Civ. Proc. R. 35.01 (2006); Mo. Ann. Stat. tit. xxxv, Ch. 510, § 510.040 (1952); Mont.Code Ann. tit. 25, Ch. 20, Part V., R. 35 (1993); S.D. Codified Laws, tit. 15, Ch. 15–6 § 15–6–35(a) (1966); Tenn Code Ann. R. Civ. Proc. R. 35.01 (1994). Some jurisdictions have more detailed rules or statutes, but remain silent as to a third-party attending the examination or what conditions may be imposed. *See*, Ala.Code, R. Civ. Proc. R. 35 (1995); Alaska R. Civ. Proc. R. 35 (1993); Ark.Code Ann., R. Civ. Proc. R. 35 (2004); Colo.Rev.Stat. Ann., R. Civ. Proc. R. 35 (1993); Conn. Gen.Stat. Ann. Ch. 13, § 13–11 (1998); Del.Super. Ct. R. Civ. Proc. R. 35; Fla. Stat. Ann., R. Civ. Proc. R. 1.360 (2004); Ga.Code Ann. tit. 9, ch. 11, art. 5, § 9–11–35 (2001); Haw. R. Civ. Proc. R. 35 (2004); Id. R.Civ. Proc. R. 35 (2006); In.Code Ann., tit. 34 app. Trial Proc. R. 35 (2003); Kan. Stat. Ann. Ch. 60, art. 2, § 60–235 (2005); Me. R. Civ. Proc. R. 35 (1993); Mass. R. Civ. Proc., R. 35 (2006); Miss. R. Civ. Proc. R. 35 (2003); Neb. R. Dicov. R. 35 (2001); Nev.Rev.Stat. Ann., R.Civ. Proc. R. 35 (2005); N.H.Super. Ct. R. 35; N.C.Gen.Stat. Ann, Ch. 1A, art. 5, § 1A–1, R. 35 (1975); N.D. Cent.Code, R. Civ. Proc. R. 35; Ohio Rev.Code Ann., Title V, R.Civ. Proc. R. 35 (1970); Or.Rev.Stat. Ann., tit. 1, R. Civ. Proc. R. 44 (Supp.2004); R.I.Super. R. Civ. Proc. R. 35 (1995); S.C.Code Ann., R. Civ. Proc. R. 35 (1987); Tx.Code Ann. Part II, Sec. 9, R. Civ. Proc. R. 204.1 (2004); Wis. Stat. Ann., Ch. 804.10 (1994); W. Va.Code Ann., R. Civ. Proc. R. 35 (1998); Vt. R. Civ. Proc. R. 35 1995); Va. Code Ann. tit. 801, Ch. 14, art. 4, § 8.01–399 (2005); Wy R. Civ. Proc. R. 35.

**24.** States with very general statutes have allowed the party undergoing the examination to bring a third party or to record the examination. *Langfeldt–Haaland v. Saupe Enterprises, Inc.*, 768 P.2d 1144, 1147, 84 A.L.R.4th 547 (Alaska 1989) [Aligning Alaska with those authorities which allow plaintiff's counsel to attend and record, as a matter of course, court-ordered medical examinations in civil cases.]; *Polcaro v. Daniels*, 2007 WL 1299159 (Conn.Super.2007) [In an unpublished opinion, the Connecticut Superior Court determined that the plaintiff could be accompanied by a representative from the law firm representing the plaintiff.]; *Rochen v. Huang*, 558 A.2d 1108, 1111 (Del.Super.1988) [Patient could have own health care practitioner present as witness and could electronically record proceedings.]; *U.S. Security Ins. Co. v. Cimino*, 754 So.2d 697, 702 (Fla.2000) [Analogizing to discovery rule which would allow a videotaped examination, the Court held that an insured is entitled to have an attorney or videographer present at an independent medical examination.]; *Broyles v. Reilly*, 695 So.2d 832, 834 (Fla.App. 2 Dist. 1997) [Plaintiff entitled to have attorney and videographer present, as physician performing examination offered no case-specific reason for their exclusion.]; *Lunceford v. Florida Central Railroad Co. Inc.*, 728 So.2d 1239, 1241 (Fla. App. 5 Dist.1999) [Plaintiff had right to have videographer present at compelled independent medical examination.]; *Jacob v. Chaplin*, 639 N.E.2d 1010, 1013 (Ind.1994) [Party subject to court-ordered medical examination, as well as examiner, may record, by electronic means all aspects of the examination.]; *Metropolitan Property & Casualty Ins. Co. v. Overstreet*, 103 S.W.3d 31, 38–40 (Ky.2003) [A trial court should allow the examination to be videotaped upon a showing of good cause which can be shown by considering: 1) the nature of the proposed external presence; 2) the nature of the exam itself; and 3) any evidence that the examination may be conducted in an unfair manner.]; *Hepburn v. Barr & Barr*, 2006 WL 1711849 (Mass.Super.2006) [In an unpublished opinion, the Massachusetts Superior Court held that under the facts of the particular case, an independent psychiatric examination should be videotaped as requested by the Plaintiff.]; *Kutner v. Urban*, 2003 WL 22792239

Court of Indiana in *Jacob v. Chaplin*, 639 N.E.2d 1010, 1013 (1994), in a personal injury case, explained the benefits of allow the examination to be recorded by electronic means. The court stated:

> The examination, by its nature, requires a verbal exchange between examiner and examinee. The purpose of the examination is to further the litigation process. An opinion arrived at by the examiner is intended to aid the trier of fact in making a damages assessment. Statements made by the examinee are intended to aid the examiner in arriving at a proper opinion, and, by necessity, are material to such trial issues as proximate cause. It is inherent that such an important meeting that both examiner and examinee be permitted to choose whether or not to make written notes of the verbal exchange. It follows from this conclusion that both should as well be permitted to chose whether or not, in lieu of the laborious process of making notes, to openly record the verbal exchange by electronic means. In permitting the examination ordered in this case to be recorded, the trial court properly exercised its discretion and recognized the justness of permitting recording to take place in an open manner, in the absence of some overriding reason to prohibit that recording. We fail to see any reason why electronic recording of the examination would in and of itself impede an examiner's ability to conduct a fair and complete examination.

¶ 17 The Supreme Court of Kentucky, in a unanimous opinion in *Metropolitan Property*

*& Casualty Ins. Co. v. Overstreet*, 103 S.W.3d 31, 38 (2003), traces the history of allowing an external presence in an independent examination beginning with the Federal Rule, and *Overstreet* provides a thorough discussion of how different state courts have handled the issue. *Overstreet* allowed the videotaping of an independent examination upon a showing of good cause and recognized the adversarial purpose of such examinations, noting:

> By its very terms, CR 35.01 applies only when the mental or physical condition of the examinee is 'in controversy.' The examining party, almost by definition, moves for a CR 35.01 examination with the hope of furthering its litigation position. Thus, the examining physician will nearly always be hired with an adversarial mindset. . . . [W]e recognized that expert witnesses are often compensated handsomely and it is widely believed that they may be expected to express opinions that favor the party who engaged them and who pays their fees. . . . [C]ertain expert witnesses derive a significant portion of their total income from testifying in litigation. . . . We would close our eyes to reality, . . . were we to pretend simply because CR 35.01 examinations should be conducted with only the health of the examinee in mind, that they always are so conducted. (*Id.*) (Citations omitted).

¶ 18 The Kentucky and Indiana Courts' reasoning regarding electronic recording is persuasive. The respondent has made no showing as to why electronic recording of the

(Mass.Super.2003) [In an unpublished opinion, the Massachusetts Superior Court determined that the plaintiff's attorney should be allowed at independent medical examination when good cause is shown.]; *B.D v. Carley*, 307 N.J.Super. 259, 704 A.2d 979, 981 (1998) [Plaintiff is entitled to employ unobtrusive audio recording device during psychological examination, despite examining psychologist's preference to the contrary.]; *A.W. v. County of Oneida*, 34 A.D.3d 1236, 827 N.Y.S.2d 790 (2006) [Plaintiffs entitled to have third-party observer present at examination.]; *Parsons v. Hytech Tool & Die, Inc.*, 241 A.D.2d 936, 661 N.Y.S.2d 362 (1997) [Trial court abused discretion by requiring plaintiff to submit to examination without counsel present, but trial court was not required to have the examination videotaped or audiotaped]; *State ex rel. Hess v.*

*Henry*, 183 W.Va. 28, 393 S.E.2d 666, ¶ 31 (1990) [Whether to allow tape-record of examination left to trial court's discretion when good cause is shown.]. Some Courts in New York have apparently left the question of videotaping the examination to the trial courts discretion. *See, Savarese v. Yonkers Motors Corp.*, 614 N.Y.S.2d 4, 205 A.D.2d 463, 464 (1994) [It was not an abuse of discretion to deny request for videotaping.]; *Blake v. Czysz*, 283 A.D.2d 943, 723 N.Y.S.2d 914 [Trial court did not abuse discretion in precluding audio recording of independent medical examination.]; *McNeil v. State*, 806 N.Y.S.2d 446, 2005 WL 2008491 (N.Y.Ct.Cl.2005) [The Court of Claims of New York in an unreported decision held that whether to grant an application to videotape is vested in the trial court's discretion.].

examination should be limited to audio recordings when a video recording is a superior method to providing an impartial record of the examination. A videographer has the ability to accurately record the physical aspects of the examination, and the use of technology is becoming more prevalent in the legal field. The examination is a discovery examination, not one in which a plaintiff is being treated.[25] A defense-selected physician should not have the right to dictate all the terms under which a plaintiff's examination will be held.

¶19 Here, the doctor expressed concerns that videotaping would be an invasion of privacy of the other patients in the office, annoying and distracting, and intrusive and an interference with the doctor's examination. We agree that videotaping other patients would violate other patients' privacy rights. Furthermore, there may be circumstances where a videographer is annoying and distracting to the doctor or interfering with the examinations. None of these concerns are reasons to prohibit videotaping the examination altogether because they can all be readily addressed by an agreement between the parties or by order of the trial court when the time, place, manner, conditions and scope of the examination are set.[26] Nor should we be concerned at this juncture about the possibility of a physician attempting to use a videotape at trial over the objection of the examinee because a waiver of the physician/patient privilege[27] does not bestow the physician with any rights. Accordingly, we hold that a party to a lawsuit who is required to submit to a medical examination pursuant to 12 O.S.2001 § 3235[28] is permitted to videotape the examination. Therefore, we assume original jurisdiction and grant the writ of prohibition and writ of mandamus.

## CONCLUSION

¶20 Our decision to allow an examinee to videotape a court-ordered independent examination was foreshadowed by our decision in *McCullough v. Mathews*, 1995 OK 90, ¶¶1–2, 918 P.2d 25. In *McCullough* we recognized that the broad language of 12 O.S.2001 § 3235[29] allows the examinee to bring a third party representative to a court-ordered independent examination. We also determined that in addition to handwritten notes, audiotaping by the examinee, which was incorporated into the statute by the 2001 recodification of § 3235,[30] would be allowed as a "condition" of the examination. While audio recording is capable of providing proof that the examination did not involve a malingering patient or a cursory examination, we now hold that a video recording may be a superior method of providing an impartial record of the examination. Accordingly, a party to a lawsuit who is required to submit to a medical examination pursuant to 12 O.S.2001

**25.** The plaintiff's privilege—protection of one's health information from being disclosed-is not at issue by allowing a plaintiff to videotape the examination. Title 12 O.S.2001 § 3235, see note 1, supra, statutorily imposes a waiver of physician-patient privilege as to information concerning the health and medical history relevant to matters which the plaintiff has placed at issue. *See also, Seaberg v. Lockard*, 1990 OK 40, ¶3, 800 P.2d 230; *Robinson v. Lane*, 1971 OK 9, ¶¶5–7, 480 P.2d 620.

**26.** Under the clear terms of our statute, when a party to a lawsuit is required to submit to a medical examination by a physician chosen by the other side, the party undergoing the examination is entitled to bring a third party representative. At his or her option, we have held the examination may be tape recorded. Any privacy concerns of the party being examined are minimal because he or she is the person making the recording. Nothing in this opinion or the statute suggests that the opposing party is allowed to walk in off the street and videotape its chosen physician examining the other party, if privacy concerns are a problem, the trial court, in its discretion can deny a request to videotape altogether.

**27.** The physician/patient privilege belongs to the patient not to the physician. *Robinson v. Lane*, 1971 OK 9, ¶¶10–11, 480 P.2d 620. [Explaining the history of the physician/patient privilege and recognizing that the when a plaintiff places relevant health matters in issue, the physician-patient privilege is generally waived regarding those matters.]

**28.** Title 12 O.S.2001 § 3235, see note 1, supra.

**29.** Title 12 O.S.2001 § 3235, see note 1, supra.

**30.** *Special Indemn. Fund v. Bedford*, see note 13, supra.

§ 3235 [31] is permitted to videotape the examination. The writs of prohibition and mandamus are granted.

**ORIGINAL JURISDICTION ASSUMED; WRITS GRANTED.**

EDMONDSON, V.C.J., OPALA, KAUGER, WATT, COLBERT, JJ., concur.

WINCHESTER, C.J., HARGRAVE and TAYLOR, JJ., and LAVENDER, S.J., dissent.

WINCHESTER, C.J., with whom HARGRAVE and TAYLOR, JJ., and LAVENDER, S.J., join, dissenting:

¶ 1 I dissent to the majority opinion, which allows medical examinations pursuant to 12 O.S.2001, § 3235(D) to be videotaped. The statute does not provide for videotaping of the examination and therefore such an action is unauthorized by the legislature.

¶ 2 The issue is whether the petitioners have any legal basis to demand to videotape the court-ordered physical examinations. In subsection D of § 3235 the statute expressly allows the presence of a representative during the required examination. The legislature did not go so far as to include videotaping. We should not assume this was an oversight by the legislature.[1] By specifically adding attendance by a representative, I believe the legislature has excluded other more invasive means during the examination.[2] I am not persuaded the statute should be judicially amended to allow videotaping.

¶ 3 A blanket requirement allowing videotaping raises other issues. If the examinee has a right to videotape the examination and use that recording as evidence during the trial, the examining physician must be given the same right, even over the objection of the examinee. *Metropolitan Property & Casualty Insurance Company v. Overstreet*, 103

S.W.3d 31, 34 (Ky.2003) observes that the common law considered court-ordered medical examinations repugnant to a person's privacy and bodily integrity. *Overstreet* further quotes the holding of *Union Pacific Ry. Co. v. Botsford*, 141 U.S. 250, 252, 11 S.Ct. 1000, 1001, 35 L.Ed. 734 (1891), that "The inviolability of the person is as much invaded by a compulsory stripping and exposure as by a blow." While the right to compel a physical examination has been settled by statute in this state, compulsory videotaping of the examination is certainly an intrusion not contemplated by the statute. Accordingly, I dissent.

---

**31.** Title 12 O.S.2001 § 3235, see note 1, supra.

**1.** As an illustration, both Arizona and Washington explicitly provide for video recording by statute in their versions of Rule 35. Ariz.Rev.Stat. Ann. Rules of Civil Procedure, Rule 35(a) (amended October 1, 1992, effective Dec. 1, 1992), Wash. Rev.Code, Superior Court Civil Rules, Rule 35(a)(3) (amended September 1, 2001).

**2.** In *Edmiston v. Superior Court of Los Angeles*, 22 Cal.3d 699, 586 P.2d 590, 150 Cal.Rptr. 276 (1978), the court, when presented with the same facts now before this court, disapproved videotaping holding that the legislature intended medical examination depositions pursuant to California's version of Federal Rule 35 be reported only in the manner specified by statute.