2014 OK 59

**Mark FISCH, Petitioner,**

v.

**The Honorable Roger STUART, Judge of the District Court of Oklahoma County, Respondent.**

No. 112,658.

Supreme Court of Oklahoma.

June 19, 2014.

1. Title 12 O.S.2011 § 3235 also sets forth the

ORDER

¶1 Original jurisdiction is assumed, art. 7 § 4, Okla. Const. The issue presented is whether the plaintiff/petitioner is entitled to have a representative present and to videotape an neuropsychological examination requested by the defendant. The applicable unambiguous statute, 12 O.S.2011 § 3235, answers this question. It provides in pertinent part:

A. SCOPE WHEN ELEMENT OF CLAIM OR DEFENSE. **When the physical,** including the blood group, **or mental condition** of a party or of a person in custody or under the legal control of a party, is in controversy in any proceeding in which the person relies upon that condition as an element of his claim or defense, an adverse party may take a **physical or mental examination** of such person....

D. **REPRESENTATIVE MAY BE PRESENT. A representative of the person to be examined may be present at the examination.** ... (Emphasis supplied).[1]

procedure:

¶ 2 Mark Fisch (Fisch) was assaulted outside a Circle K Store. He filed this matter claiming injuries as a result of the assault. Fisch retained, as one of his experts, a neuropsychologist who conducted testing upon the petitioner. Circle K Stores (Circle K) sought to have Fisch examined by its neuropsychologist. Fisch, sought both to have a representative present and to videotape the examination. Circle K opposed the presence of plaintiff's representative, audio-taping and video-taping, arguing that the presence of a third party or audio/videotape equipment would invalidate the testing.

B. PROCEDURE WHEN ELEMENT OF CLAIM OR DEFENSE. The party desiring to take the physical or mental examination of another party or of a person in custody or control of another party within the scope of subsection A of this section shall serve his request upon the person to be examined and all other parties. The request shall specify the time, place, manner, conditions and scope of the examination and the person or persons by whom it is to be made.

No request shall be served until thirty (30) days after service of summons and petition upon the defendant. The request shall set a time for the examination not less than five (5) days after service of the notice.

If the party or person in custody or control of the party who is to be examined objects to the physical or mental examination then he shall file a motion objecting to the examination and setting out the reasons why his mental or physical condition is not in controversy or such person may apply for a protective order under the provisions of subsection C of Section 3226 of this title. The burden of proof is upon the person objecting to the examination or requesting a protective order. The court may set the conditions for examination or refuse to permit such examination if the mental or physical condition is not in controversy. If the party or the person in custody or control of the party refuses to obey the court order to submit to a physical or mental examination the court may impose those sanctions provided for in paragraph 4 of subsection A and paragraph 2 of subsection B of Section 3237 of this title.

If the motion is granted to prohibit the examination, the court may impose those sanctions provided for in paragraph 4 of subsection A of Section 3237 of this title upon the party requesting the examination.

C. ORDER FOR EXAMINATION. When the physical, including the blood group, or mental condition of a party, or a person in the custody or under the legal control of a party, is in controversy but does not meet the conditions set forth in subsection A of this section, the court in which the action is pending may order the party to submit to a physical or mental examination by a suitably licensed or certified examiner or to produce for such examination the agent, employee or person in his custody or legal control. The order may be made only on motion for good cause shown and upon notice to the person to be examined and to all parties. The order shall specify the time, place, manner, conditions and scope of the examination and the person or persons by whom it is to be made....

E. REPORT OF EXAMINER.

1. If requested by the party or the person examined under this section, the party causing the examination to be made shall deliver to him a copy of a detailed written report of the examiner setting out his findings, including results of all tests made, diagnoses and conclusions, together with the like reports of all earlier examinations of the same condition. After delivery, the party causing the examination shall be entitled upon request to receive from the party or person against whom the order is made a like report of any examination, previously or thereafter made, of the same condition, unless, in the case of a report of examination of a person not a party, the party shows that he is unable to obtain it. The court on motion may enter an order against a party requiring delivery of a report on such terms as are just. If an examiner fails or refuses to make a report the court may exclude his testimony if offered at the trial.

2. If the physician or psychotherapist-patient privilege has not already been waived as provided in the Oklahoma Evidence Code requesting and obtaining a report of the examination made or by taking the deposition of the examiner, the party examined waives any privilege he may have in that action or any other involving the same controversy, regarding the testimony of every other person who has examined or may thereafter examine him in respect of the same physical or mental condition.

3. This subsection applies to examinations made by agreement of the parties, unless the agreement expressly provides otherwise. This subsection does not preclude discovery of a report of an examiner or the taking of a deposition of the examiner in accordance with the provisions of any other section of the Oklahoma Discovery Code.

¶ 3 Title 12 O.S.2011 § 3235 clearly applies to physical or mental examinations and allows a representative of the person examined to be present. If the Legislature chooses to exclude mental examinations it may do so.

¶ 4 In *Boswell v. Schultz,* 2007 OK 94, 175 P.3d 390, we held that the provision of the statute allowing a representative to be present includes the right to video tape the examination. *Boswell* involved a physical examination, but the statute applies to equally to physical or mental examinations. It does not distinguish between them. We also ex-

plained the procedure the trial court is to use. We said, in ¶ 19, fn. 26, that:

> Under the clear terms of our statute, when a party to a lawsuit is required to submit to a medical examination by a physician chosen by the other side, the party undergoing the examination is entitled to bring a third party representative. At his or her option, we have held the examination may be tape recorded. Any privacy concerns of the party being examined are minimal because he or she is the person making the recording. Nothing in this opinion or the statute suggests that the opposing party is allowed to walk in off the street and videotape its chosen physician examining the other party, if privacy concerns are a problem, the trial court, in its discretion can deny a request to videotape altogether.

¶ 5 Pursuant to the terms of 12 O.S.2011 3235 and our holding in *Boswell*, supra, it was error for the trial court to deny Fisch a representative during the examination. Original jurisdiction is assumed and a writ of mandamus is issued directing the trial court to conduct a hearing to determine the appropriate examination safeguards necessary to provide all parties with their full statutory rights.

¶ 6 Writ granted.

DONE BY ORDER OF THE SUPREME COURT IN CONFERENCE THIS 19th DAY OF JUNE, 2014.

REIF, V.C.J., KAUGER, WATT, EDMONDSON, COMBS, GURICH, JJ., concur.

COLBERT, C.J., WINCHESTER, TAYLOR, JJ., dissent.